[Civ. No. 7606. First Appellate District, Division One.—December 2, 1930.]

In the Matter of the Estate of JOSEPH R. BORBA, Deceased. ANNIE BORBA RYAN et al., Appellants, v. AMERICAN TRUST COMPANY, Executor, etc., Respondent.

Louis Oneal, Maurice J. Rankin, Vincent W. Hallinan and Felix M. Cunningham for Appellants.

Fry & Jenkins and Fred A. Wool for Respondent.

THE COURT.—Joseph R. Borba died on December 10, 1928, in Santa Clara County. He left a will, which was duly admitted to probate and letters testamentary issued thereon.

Among other provisions the will contained the following:

"Third: Prior to the making of this will I have advanced to Joe Borba the sum of one thousand dollars, to Dominicus Borba one thousand dollars, to Frank Borba three thousand dollars, to John Borba one thousand dollars, to Annie Borba seven hundred fifty dollars and to Rodgers Borba six hundred fifty dollars, all being sons and daughters of Anna S. Borba and myself, the other five children, to wit, Mary Garcia Pierce, Rosa Amaral, Minnie Dutra, Antone Borba and Willie Borba, also the children of Anna S. Borba and myself, having received no advancements whatsoever.

"Fourth: I give, devise and bequeath to Frank Borba, my son, one-eleventh less three thousand dollars heretofore advanced to him, of all of the residue of my estate; to Joe Borba, John Borba and Dominicus Borba, our sons, one-eleventh share, less one thousand dollars, to be deducted from each share, said deduction having been advanced to said sons during my lifetime, of the residue of my estate; to Annie Borba one-eleventh share, less seven hundred fifty dollars, the sum having been advanced to her, of the residue of my estate; to Rodgers Borba, one-eleventh share, less six hundred fifty dollars, the same having been advanced to him during my lifetime, of the residue of my estate, and to Mary Garcia Pierce, Rosa Amaral, Minnie Dutra, Antone Borba and Willie Borba an one-eleventh portion of all of the residue of my estate, plus a one-fifth share of all that portion of the residue which was increased by the advances deducted from the shares of the above named sons

and daughter, it being my intention to give our children who have received no advances a sum which will make all share and share alike when taking into consideration the advances heretofore made; it is my wish and I do so will that in the event of the death of any of the above named children without issue that his or her share shall be divided equally among the survivors.''

On November 10, 1929, his executor filed a final account, and a petition for distribution, from which it appears that the property remaining to be distributed consisted of cash in the sum of $28,031.14. This sum by the decree of distribution was ordered to be distributed to the children of the decedent as follows: Frank Borba, nothing; Joe Borba, $1548.28; Dominicus Borba, $1548.28; Annie Ryan, formerly Annie Borba, $1798.28; Rodgers Borba, $1898.28; George W. Lyle, as sheriff of the county of Santa Clara, attaching officer in an action filed in the superior court of said county against John Borba, named therein as Jack Barbe, $1548.28; to each of decedent's other children, namely Mary Garcia Pierce, Rosa Amaral, Minnie Dutra, Antone Borba and Willie Borba, there was distributed $3,937.93.

Frank, Joseph, Dominicus, John and Rodgers Borba and Annie Borba Ryan have appealed from the order and decree of distribution. They claim that the court erred in its construction of the provisions of the will, and that they are entitled to more, and the heirs to whom no advances were made to less, of the amount remaining to be distributed than the decree provides.

In making distribution the court divided the amount which remained to be distributed into eleven parts each in the sum of $2,548.28; it then deducted from the shares of appellants the advances received by each of them, adding these amounts to the shares of the heirs to whom no advances had been made. The result was to give to each of the latter $1389.63 more than the amounts received by the others through advance and distribution. Respondents urge that this result is supported by the terms of the will, which provides that the advances shall be deducted from the respective shares of those who received them, namely, six of the children; and that each of the other five children shall receive a ''one-eleventh portion of all the residue plus a one-fifth share of all that portion of the

residue which was increased by the advances deducted from the shares of the above named sons and daughters. . . . ''

While the provisions quoted, standing alone, might sustain this claim, and it is the rule that a clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or any other words not equally clear and distinct, or argument from other parts of the will (Civ. Code, sec. 1322), nevertheless a will is to be construed according to the intention of the testator (Civ. Code, sec. 1317; *Estate of Phelps*, 179 Cal. 703 [178 Pac. 846]), it being the duty of the court to discover if practicable the real intent expressed in the will (*Upham* v. *Plankinton*, 152 Wis. 275 [Ann. Cas. 1914C, 376, 48 L. R. A. (N. S.) 1004, 140 N. W. 5]); and this should prevail though it would require some departure from the literal construction of its provisions (*Morton* v. *Barrett*, 22 Me. 257 [39 Am. Dec. 575]).

The intention of the testator in the present case was clearly shown by the declaration which follows the portion of the will last quoted, namely, ''it being my intention to give our children who have received no advances a sum which will make all share and share alike when taking into consideration the advances heretofore made; it is my wish, and I so will, that in the event of the death of any of the above named children without issue that his or her share shall be divided equally among the survivors''. If the preceding portions of the will can be said to be in conflict with this, the latter clause must prevail (Civ. Code, sec. 1321), as it was manifestly the testator's intention to place his children upon an equality with respect to the residue of his estate, taking into consideration the advances already made.

To accomplish this result it will be necessary to follow section 1395 of the Civil Code, which has been held to apply as well to cases of testacy as to partial intestacy (*Estate of Hayne*, 165 Cal. 568 [Ann. Cas. 1915A, 926, 133 Pac. 277]), and which reads as follows: ''Any estate, real or personal, given by the decedent in his lifetime as an advancement to any child or other heir is a part of the estate of the decedent for the purposes of division and distribution thereof among his heirs, and must be taken by such child or other heir toward his share of the estate of the decedent.'' So applied, the residue for the purpose of

distribution would equal the amount of the estate remaining in the hands of the executor, namely, $28,031.14, plus the advances, a total of $35,431.11, the share of each child therein being the sum of $3,221.01. ''Deducting from their shares the sums advanced to them the amounts the respective appellants are entitled to receive upon distribution are as follows: Frank Borba $221.01; Joseph Borba $2,221.01; Dominicus Borba $2,221.01; John Borba $2,221.01; subject to the lien of an attachment levied by George W. Lyle, as sheriff of the county of Santa Clara, State of California, attaching officer in the action filed in the superior court of said county, entitled Art Ryan, Plaintiff, v. Jack Barbe, Defendant, number 38414; Rodgers Borba $2,571.01, and Annie Borba Ryan $2,471.01.''

The order and decree is reversed, with directions to enter a decree in accordance with the views herein expressed.