[Civ. No. 8447. First Appellate District, Division Two.—April 27, 1932.]

In the Matter of the Estate of LOU E. KESSING, Deceased. F. F. PORTER et al., Respondents, v. GEORGE KESSING et al., Appellants.

Donahue, Hynes & Hamlin and James M. Hanley for Appellants.

H. A. Frank, J. W. Bingaman and Ralph W. Arnot for Respondents.

NOURSE, P. J.—Lou E. Kessing died testate. In her will she made special bequests to her sister, to three named cousins, to three brothers of her deceased husband, to her "nephew" Ivan Kessing, who was in fact a nephew of her deceased husband, to six personal friends and "to the Fenner Boys and Metzel Boys of Virginia City Montana, and the Hopes of Indianala, Iowa, whatever of my estate is left is to be divided among these my cousins and other relations mentioned above". This clause was followed immediately by a paragraph reading: "Sixthly. The rest, remainder and residue of my estate whether real, personal or mixed, I give, devise and bequeath to my sister and my cousins and my nephew Ivan Kessing of Berkeley, California, share and share alike."

█ The sole question involved on this appeal is whether the three brothers of the husband of the testatrix are entitled to participate in the residue of the estate. These three, who are the appellants herein, argue that they are included under the "other relations" mentioned in the fifth clause of the will and that, as this clause disposed of the entire residue, there was no property left to be covered by the sixth clause. The probate court interpreted the will as excluding these appellants from both residuary clauses and we are asked to reverse this order.

We are satisfied that the order must be affirmed. The construction adopted by the probate court is in harmony with section 103 of the Probate Code (formerly secs. 1321 and 1323, Civ. Code), providing that all parts of a will are to be construed together to form a consistent whole, but that, if several parts are irreconcilable, the latter must prevail. (*Estate of Borba,* 110 Cal. App. 150, 153 [293 Pac. 809].)

The testatrix will be presumed to have known that the three brothers of her husband were not "relations". █ If we exclude these from the fifth clause of the will the "other relations" would include the sister and "my nephew Ivan Kessing", the latter under the rule that one will take in accordance with a relationship expressed in the will though such relationship does not in fact exist. (*Estate of Robinson,* 159 Cal. 608 [115 Pac. 49].) █ Thus the sixth clause covers the same persons mentioned in the fifth "my sister and my cousins and my nephew Ivan Kessing". It

would seem that the purpose of the testatrix in adding the sixth clause was merely to emphasize or clarify the expressions in the fifth and we cannot find that the clauses are inconsistent. However, under the rule above cited, if they are irreconcilable the latter must control.

Order affirmed.

Sturtevant, J., and Spence, J., concurred.