[No. 15610. In Bank.—June 4, 1895.]

E. J. LE BRETON ET AL., RESPONDENTS, *v.* WILLIAMETTA H. COOK ET AL., APPELLANTS.

WILLS—CONSTRUCTION— INTESTACY.— In the interpretation of wills constructions which lead to intestacy, total or partial, are not favored; and such an interpretation should, if reasonably possible, be placed upon the provisions of the will as will prevent intestacy, especially where the will evinces an intention on the part of the testator to dispose of his whole estate.

ID.—DEVISE OF RESIDUE OF ESTATE—TRUST—HOMESTEAD AND FURNITURE— RIGHT OF OCCUPANCY—INTENTION OF TESTATOR.—Where a will, after making certain bequests of personal property, devised all the residue of the estate of the testatrix, real, personal, and mixed, to trustees in trust, including in such residue a homestead, together with the furniture

and statuary therein, the possession of which was to be delivered by the trustees to a sister of the testatrix, to be occupied and used until her death free of rent, the will clearly indicates the intention of the testatrix to dispose of her whole estate in the homestead, furniture and statuary, the legal title to which became vested by the will in the trustees; and it will not be presumed that the testatrix intended to devise any property in trust without declaring effectual trusts; and such an interpretation must, if possible, be placed upon the remaining provisions of the will as will include the whole estate in the homestead, furniture and statuary within the trusts created by the will, and prevent the title thereof from falling to the heirs at law upon the death of the sister of the testatrix.

ID.—PERSONAL RIGHT OF OCCUPANCY—LIFE ESTATE—TRUST AS TO INCOME OF RESIDUE OF ESTATE.—The permission to the sister of the testatrix to use the homestead and furniture free of rent does not create a life estate in the occupant; but the entire estate remains in the trustees, and the beneficiary has a mere personal right of occupancy without rent; and a devise of the income of the residue of the entire estate of the testatrix includes any income to be derived from the use of the homestead after the death of the sister.

ID.—CONVERSION OF RESIDUE OF ESTATE—SALE OF REVERSION.—A provision in the will that upon the death of the sister, or in case she does not die until ten years have elapsed from and after the death of the testatrix, then at the expiration of such ten years all the residue of the estate then remaining in the hands of the trustees is to be sold and converted into money, and the proceeds distributed as in the will provided, includes the whole estate vested in the trustees at the expiration of the ten years, or upon the prior death of the sister, and authorizes the trustees to sell and convey the reversion in the homestead, furniture, and statuary, subject to the right of the sister to use and occupy it during her lifetime.

ID.—SALE OF PERSONAL PROPERTY—DELIVERY OF POSSESSION—FUTURE INTEREST.—A sale of personal property only requires an immediate delivery when a present interest is transferred, while the transfer of a future interest in personal property only entitles the transferee to possession at a future period.

ID.—PRESUMPTION AS TO INTENTION OF TESTATRIX—CONTINGENCIES IN WILL.—In construing the will it is immaterial whether or not the testatrix had all the various contingencies that might occur clearly before her mind, and, if language is employed sufficient to provide for every contingency, it must be presumed to have been intentionally employed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Metcalf & Metcalf,* and *Morrison, Stratton & Foerester,* for Appellants.

Wills must be construed to avoid partial intestacy. (2 Redfield on Wills, sec. 5, p. 116; *Booth* v. *Booth,* 4 Ves. 407; *Hayden* v. *Stouhgton,* 5 Pick. 539.) The word " residue " includes the entire estate, not otherwise effectually devised by the will. (Civ. Code, secs. 1332, 1333.) A general devise operates upon a remainder or reversion. (2 Jarman on Wills, 242, 249, 250, 252, 254–57.) The word " residue " is to be enlarged rather than to be restricted in its interpretation. (*Prichard* v. *Prichard,* L. R. 11 Eq. 232; *Stoke* v. *Stoke,* 35 Beav. 396; *Hodgkinson* v. *Barrow,* 2 Phillips, 578; 2 Redfield on Wills, 116–18, 120, 127; *Crooke* v. *De Vandes,* 9 Ves. 197; Beach on Wills, sec. 263; *Youngs* v. *Youngs,* 45 N. Y. 259; *Gallagher* v. *Rowan,* 86 Va. 823; *Reid* v. *Walbach,* 75 Md. 205; *Delehanty* v. *St. Vincent's Asylum,* 56 Hun, 55; *Nyce's Estate,* 5 Watts & S. 254; 40 Am. Dec. 498; *Floyd* v. *Carow,* 88 N.Y. 560.) A remainder is capable of pecuniary valuation. (*McCampbell* v. *McCampbell,* 5 Litt. (Ky.), 92; 15 Am. Dec. 548; *Swaine* v. *Perine,* 5 Johns. Ch. 482; 9 Am. Dec. 318; *Evertson* v. *Tappen,* 5 Johns. Ch. 497.) A future estate may be sold, though not capable of being reduced to possession until some future period. (Civ. Code, secs. 680, 688, 690, 693, 699.)

*Carroll Cook,* Respondent, in *pro. per.*

The context shows that the word " residue" is not used in a technical sense more than once in the will, and that is in the devise to the trustees. (Civ. Code, sec. 1327.) Where a declaration of trust of property vested in trustees does not exhaust all the interest vested in the trustees there is a resulting trust of the undisposed of interest to the settler or his representatives. (Elphinston on Interpretation of Deeds, 294; *Langham* v. *Nenny,* 3 Ves. 467; *Campbell* v. *Prescott,* 15 Ves. 500; *Wilson* v. *Paul,* 7 Sim. 620; *Hawkins* v. *Hawkins,* 7 Sim. 173; *Wollaston* v. *Berkeley,* 2 Ch. Div. 213; 1 Lewin on Trusts, 146, 148, and authorities cited; 1 Perry on Trusts, secs. 150, 151; *Morice* v. *Bishop of Durham,* 10 Ves. 521; *Ellcock* v. *Mapp,* 3 H. L. Cas. 492; Civ. Code, sec. 866.)

The doctrine of *cy pres* does not apply to trusts for the benefit of individuals.   (1 Perry on Trusts, sec. 156, and cases cited.)

*Garber, Boalt & Bishop,* for Respondents.

The provisions of the will show an intent not to include any reversionary interest in the homestead, furniture, etc., and the rule as to the effect of residuary bequests or devises is in subordination to the paramount rule that the intention of the testator must control.  (Civ. Code, secs. 1317–19; *Reck's Appeal,* 78 Pa. St. 432; *Baker's Appeal,* 115 Pa. St. 590; 1 Jarman on Wills, Bigelow's 6th ed., 717; Schouler on Wills, 2d ed., sec. 519; Hawkins on Wills, Swords' ed., 41 et seq., and cases there cited.)  A residuary bequest or devise, however broad and general it may be in its terms, will not carry a reversion or other future interest in property not otherwise disposed of where there are provisions for sale or distribution with respect to such residue, which are inapplicable to the interest in question, or where it otherwise appears upon the whole will that the testator did not intend such interest to be included in the residuary bequest.  (Hawkins on Wills, Sword's ed., 47, 48, notes; Beach on Wills, sec. 263, p. 459; *Holt* v. *Hogan,* 5 Jones Eq., 82, 87; *Glover* v. *Harris,* 4 Rich. Eq. 25, 31, et seq; *Howland* v. *Union etc. Seminary,* 3 Sand. 82, 97, et seq; *Johnson* v. *Stanton,* 30 Conn. 297, 302, and cases cited *infra.*)  A bequest of particular residue, however broad its terms, is to be regarded as specific, and cannot be extended by presumption beyond what affirmatively appears to have been intended by the testator.  (1 Jarman on Wills, Bigelow's 6th ed., 717, 721, 723, 724; Schouler on Wills, 2d ed., secs. 519, 520; *Attorney General* v. *Johnstone,* Amb. 577, 580; *Springett* v. *Jennings,* L. R. 6 Ch. 334, affirming L. R. 10 Eq. 488; *Jull* v. *Jacobs,* L. R. 3 Ch. Div. 703, 705, et seq; *Roy* v. *Monroe,* 47 N. J. Eq. 356, 364; *Matter of Dowd,* 58 How. Pr. 107, 110; *Foster* v. *Smith,* 156 Mass. 379, and cases cited *supra et infra; Davers* v.

*Dewes*, 3 P. Wm. 40; *Wainman* v. *Field*, Kay, 507; *Wilde*
v. *Holtzmeyer*, 5 Ves. 811; Hawkins on Wills, Sword's
ed., 43, et seq; Schouler on Wills, 2d ed., sec. 519, et seq;
*Green* v. *Pertwee*, 5 Hare, 249, 252; *Beekman* v. *Bonsor*,
23 N. Y. 312; 80 Am. Dec. 269, and cases therein cited.)

VAN FLEET, J.—This is an action brought by the
trustees under the will of Cynthia Hoff Shillaber, de-
ceased, to obtain a construction of certain provisions of
said will.   The will, after making certain bequests of
personal property, proceeds as follows:

" *Fourth.*   All of the residue of my estate, both real,
personal, and mixed, after paying the expenses of ad-
ministration, I do give, devise, and bequeath unto my
said nephew, Carroll Cook, and to his brother, Wm.
Hoff Cook, to be held by them in trust, however, for the
following uses and purposes, viz:

" 1st. My homestead on Sixteenth street, corner of
Hoff avenue, in San Francisco, California, together with
the furniture therein contained, and the statuary not
hereinbefore disposed of, they are to deliver possession
of to my sister, Williametta H. Cook, and she is to be al-
lowed to occupy and use the same until her death free
of rent.

" 2d. The mortgage now held by me on the New
York Hotel property, corner of Battery and Commercial
streets, San Francisco, executed by my sister, Frances
H. Lowndes, is to be by said trustees fully canceled
and released, and given to my said sister.

" 3d. To pay out of the income of my estate to my
true and faithful servants, Charles Payler and Clara
Thompson, a sum of five hundred dollars each.

" 4th. All of the residue of my said estate, real, per-
sonal, and mixed, is to be held by said trustees, and
kept invested, the income thereof, after paying all ex-
penses, to be paid in equal proportions to my sisters,
Williametta H. Cook and Frances H. Lowndes, until
the death of my said sister, Williametta H. Cook, or in
case she do not die until ten years have elapsed from

and after the date of my death, then until the expiration of such ten years.

"5th. Upon the death of my said sister, Williametta H. Cook, or in case she do not die until ten years have elapsed from and after the date of my death, then at the expiration of such ten years all of the residue of my said estate (then *remaining in the hands of my said trustees*) is to be by such trustees sold and *converted into money*, and such money, after paying all expenses, is to be disposed of as follows, viz:

"Ten thousand dollars is to be paid to my nephews, W. Hoff Cook and Carroll Cook, to be held by them in trust, the income thereof to be paid to my nephew, Channing H. Cook, during his lifetime, and upon his death the said principal sum to be paid to my nieces, share and share alike. The remainder of such money so realized from the sale of said property is to be divided and given in equal proportions to my nieces, Kate C. Gould (wife of C. B. Gould), Leonide Sue Cook, Gertrude Lowndes, and Theodora Lowndes, except that the proportion going to my niece Kate C. Gould is to be sixteen thousand dollars less than to the remainder of my said nieces, as I have already given to her, through her husband, that amount; and, in case either of my said nieces should die before such distribution, then the proportion which would have gone to such deceased niece shall be given to her children (if she have any); if not, to her surviving sister, and, in case no sister be surviving, then to the brothers of such deceased niece, in equal proportions to each."

The only question presented on this appeal is as to whether the will makes any disposition of the reversionary interest in the homestead, and the furniture and statuary therein, after the death of Williametta H. Cook, or whether, as to that interest, the deceased died intestate. The court below held that the will made no disposition of that interest, and that the decedent died intestate with respect thereto. The defendants Kate C. Gould and C. B. Gould appeal, and contend that that

interest passed to the trustees appointed by the fourth paragraph of the will, and is by them to be disposed of as provided in the fifth subdivision of that paragraph.

The case has been argued by counsel with much learning and research, and many cases have been cited and reviewed on each side. With regard to those cases we may repeat what we said in *Rosenberg* v. *Frank,* 58 Cal. 387, 411. "The case before us is one of interpreting the meaning of a written document, and decided cases afford but little aid in arriving at a correct interpretation. We hazard nothing in saying that this is in accordance with the universal experience of gentlemen learned in the law, who have been frequently called on to employ their faculties in the solution of such questions. The good sense of what was said by Washington, J., in 1803, in *Lambert* v. *Paine,* 3 Cranch, 131, will be generally acknowledged: 'Except for the establishment of general principles, very little aid can be procured from adjudged cases in the construction of wills. It seldom happens that two cases can be found precisely alike.'"

The general principles which must control in the determination of the question here presented are well settled. Constructions which lead to intestacy, total or partial, are not favored; and, therefore, such an interpretation should, if reasonably possible, be placed upon the provisions of the will as will prevent that result. Especially should this be done where the will evinces an intention on the part of the testator to dispose of his whole estate. A devise or bequest of the "residue" of the testator's property therefore passes all the property which he was entitled to devise or bequeath at the time of his death, not otherwise effectually devised or bequeathed by his will. (Civ. Code, secs. 1332, 1333.) Where, however, it is manifest from the context, or from the provisions of the will, that the testator used that word in some more restricted sense, it will be given the meaning in which it is clear that the testator used it.

It is not sufficient, however, for the purpose of limit-

ing the meaning of the word, to show that the testator did not foresee precisely how his will would operate, or what property, in the contingencies which might happen, would pass by the use of that word. If any particular property is *prima facie* within the meaning of the word it will be held to pass by it, irrespective of the question as to whether or not the testator could be supposed to have had it actually in his contemplation when he framed the devise or bequest. Lastly, a word occurring more than once in a will is presumed to be used always in the same sense, unless a contrary intention appear from the context. As to these principles there is no substantial dispute between counsel, and we therefore need not refer to the many authorities sustaining them.

The word "residue" occurs three times in the will in question. After bequeathing certain personal property by the third paragraph of the will, the testatrix, in the beginning of the fourth paragraph, devises and bequeaths to certain trustees "all of the *residue* of my estate, both real, personal, and mixed." By the first subdivision of the fourth paragraph she directs the trustees to deliver to her sister, Williametta H. Cook, the possession of her homestead and the furniture and certain statuary therein, which "she is to be allowed to occupy and use until her death, free of rent." By the second and third subdivisions she directs the trustees to dispose of certain other property. By the fourth subdivision she provides: "All of the *residue* of my said estate, real, personal, and mixed, is to be held by said trustees and kept invested," and the income thereof to be disbursed in a certain manner. The fifth subdivision then provides: "Upon the death of my said sister, Williametta H. Cook, or in case she do not die until ten years have elapsed from and after the date of my death, then at the expiration of such ten years all of the *residue* of my said estate (then remaining in the hands of my said trustees) is to be by such trustees sold and

converted into money," and the proceeds to be disposed of as there directed.

Respondents concede that the word " residue," as first used, means all of the property of the testatrix not bequeathed by the third paragraph; but they contend that that word, as used in the fourth and fifth subdivisions of the fourth paragraph, does not include the reversion (if it may be so called) of the homestead, furniture, and statuary, after the death of Williametta H. Cook. They argue that, as used in the fourth subdivision, it could not be intended to include that property, because the " residue" there mentioned is to be "held" by the trustees and by them " kept invested " so as to derive income therefrom, which, they say, would be inconsistent with the life estate (so called) of Williametta H. Cook. But they contend that, whether this be so or not, that word as used in the fifth subdivision could not have been so intended, for it is there limited by the words " then remaining in the hands of my said trustees." They urge that Williametta H. Cook might live more than ten years after the death of the testatrix, and that, as she is to occupy and use the homestead and furniture until her death, that property would not in that event be ,"in the hands" of the trustees at the expiration of the period of ten years. And, finally, they say that this so-called reversionary interest, particularly in the personal property, could not be sold by the trustees and converted into money. For these reasons they contend that the will makes no disposition of this property beyond the life of Williametta H. Cook, and that at her death it will fall to the heirs at law of the testatrix. With this reasoning we are unable to agree.

It is unquestionable, and it is not disputed, that the entire estate of the testatrix in the homestead, furniture, and statuary was devised and bequeathed to the trustees by the opening words in the fourth paragraph. It is therefore certain that the deceased did not die intestate as to that property. She did dispose of it by her will; her entire estate therein vested in the trus-

tees, and they hold the legal title.   (Civ. Code, sec. 863.)
The intention of the testatrix to dispose of her whole
estate by her will is therefore clear; and, as it will not
be presumed that she intended to devise any of it in
trust without declaring any effectual trusts, such an
interpretation must, if possible, be placed upon the re-
maining provisions as will include every estate in this
property within the trusts created.

The first trust as to this property is contained in the
direction of the trustees to deliver *the possession* of this
property to Williametta H. Cook, and to permit her to
*occupy and use* it until her death, *free of rent.*   This
provision does not create a "life estate" in the occupant,
as has been assumed by counsel.   The entire estate, as
said above, remains in the trustees, and the beneficiary
has a mere personal right of occupancy without rent.
The condition of the property, and the estate of the trus-
tees therein, during the life of the occupant, is precisely
the same as would be the case as to any other piece of
property which the trustees might be, from any cause,
unable to rent.   They would not be deriving income
therefrom, but they would nevertheless "hold" it, and
it therefore falls within the word "residue," as used in
the fourth subdivision.   The fact that they could not
rent it during the life of the occupant does not conflict
with the requirement that they are to "keep" the prop-
erty embraced in that residue "invested."   That direc-
tion must be construed in connection with the first
subdivision, and with the teachings of ordinary experi-
ence, and merely means that they are to keep the prop-
erty invested and derive income therefrom *so far as
they are able.*   While it was possible that Williametta H.
Cook might live more than ten years, it was equally
possible that she might live for a less period; and in
that event it would unquestionably be the duty of the
trustees to rent the property and apply the income as
directed in the fourth subdivision.   We are therefore
clearly of the opinion that the word "residue," as used
in that subdivision, includes the property in question.

For like reasons it is manifest that it is included in the meaning of that word as used in the fifth subdivision. Presumptively, of course, it is so intended, and we see no reason for restricting the meaning of the word as there used. As the whole estate in this property is vested in the trustees, it will be "remaining in their hands" at the expiration of the ten years, whether Williametta H. Cook be then living or not. Nor is there any legal difficulty in their selling it and converting it into money. Even if Williametta H. Cook could be considered as having a life estate within the full meaning of that expression, and the trustees as holding merely a reversion, that reversion is legally the subject of sale. In this state future interests in property, whether real or personal, may be transferred to the same extent and in the same manner as present interests. (Civ. Code, secs. 678, 680, 688, 690, 699, and see, also, the notes of the code commissioners to those sections.) It would, therefore, be entirely practicable, in a legal sense, for the trustees to sell and convey this reversion, both as to the homestead and as to the personal property, and thus convert it into money. What they would do, indeed, would merely be to sell the property itself, subject to the right of Williametta H. Cook to use and occupy it during her lifetime. The value of her interest, and therefore the value of the remaining interest, is ascertainable by well-known legal rules (*McCampbell* v. *McCampbell*, 5 Litt. (Ky.), 92; 15 Am. Dec. 48); and no difficulty need then arise in making such a sale. Counsel for respondents are mistaken in supposing that such a sale would be invalid, even as to the personal property, for want of immediate delivery. Delivery is requisite only when a present interest is transferred, while the transfer of a future interest only entitles the transferee to the possession at a future period. (Civ. Code, secs. 689 690.)

The argument of respondents under this head, moreover, proves too much. They direct their attention solely to the contingency that Williametta H. Cook may be still living at the expiration of the ten years. But,

at the time the will was made, the other alternative was at least equally probable, and was presumably equally within the contemplation of the testatrix. By the fourth subdivision the trustees were directed to keep the property invested, which, as to real property, means rented. As the trustees were bound to rent on the most favorable terms obtainable, and as they could not know when Williametta H. Cook would die, they might well make leases which, though not extending beyond the ten years, would extend beyond her life. If she should die before the expiration of ten years, with those leases still outstanding, the trustees would be bound, under the fifth subdivision, to sell the property so leased at once. But in so doing they would be confronted with precisely the same difficulty as that which respondents now urge, for they would hold only a reversion in such property.

There is, therefore, no reason for supposing that the testatrix, in the fifth subdivision, intended her language to be restricted or deprived of any of its full, legal, and ordinary meaning. As we said at the outset, it is immaterial whether or not she had the various contingencies that might occur clearly before her mind. If she had, the one contingency was as likely to occur as the other, and each presented the same difficulty. If she had not, she at least used language sufficient to provide for every possible contingency, and must be presumed to have done so intentionally.

Some other considerations have been advanced, though not very strenuously urged by respondents; but as what has been said in effect disposes of them, it is not necessary to discuss them separately. Nor is it necessary to refer specifically to the cases cited by them. We have given them a careful examination, and, while we are disposed to think that some of them go perhaps too far, we are of opinion that each of them is readily distinguishable from this case, and that our decision is entirely in accord with the principles laid down in them.

The second and tenth conclusions of law of the court

below are contrary to the views herein expressed, as is also the second sentence of the twenty-fourth finding. That portion of that finding (which is to the effect that Williametta H. Cook has a life estate in said property, and that said Williametta and the defendants Frances H. Lowndes and Elizabeth H. Oulton, have each an undivided one-third interest in the fee thereof, subject to said life estate) is, however, a mere conclusion of law, and should be so treated.

The judgment or decree appealed from is therefore modified by striking therefrom all that portion thereof which is in the following words: "The plaintiffs have fully performed all their duties as trustees in regard," and inserting in lieu thereof the word "as"; also by striking therefrom all that portion thereof which is in the following words: "And that their trust be and the same hereby is terminated as to said described property and every part and parcel thereof"; and the whole of the paragraph next following said words, which begins with the words: "It is further ordered," and ending with the words and figures, "September, 1888," and inserting in lieu thereof the following: "The plaintiffs have performed so much of their duties as trustees as relates to the delivery of the possession thereof to the defendant Williametta H. Cook.

"It is further ordered, adjudged, and decreed that the plaintiffs hold the said above-described two parcels or lots of land, and the personal property contained in said dwelling-house, described in finding 27, upon the further trust to sell the same and convert the same into money upon the death of the defendant Williametta H. Cook, or, in case she do not die until ten years have elapsed from and after the date of the death of said Cynthia Hoff Shillaber, then, at the expiration of such ten years, and, in the latter case, to sell the same subject to the right of the said defendant Williametta H. Cook to occupy and use the same until her death, free of rent; and upon the further trust to apply the proceeds of such sale as directed by the fifth subdivision of the fourth

paragraph of the will of the said Cynthia Hoff Shilla-
ber, deceased, mentioned in finding 3."

The said judgment or decree is further modified by
striking therefrom all that portion thereof which is in
the following words: "It is further ordered, adjudged,
and decreed that the defendant Williametta H. Cook is
the owner of a present interest to the extent of the
undivided one-third of the fee of the property men-
tioned in finding of fact 27, and hereinabove particu-
larly described; and that the defendants Elizabeth H.
Oulton and Frances H. Lowndes are the owners of a
vested future interest to the extent of an undivided
one-third of the fee each of said property last above
described, subject to the life estate of said defendant
Williametta H. Cook therein."

As so modified the said judgment or decree is affirmed;
the appellants to recover the costs of this appeal.

HENSHAW, J., McFARLAND, J., TEMPLE, J., GAROUTTE,
J., and HARRISON, J., concurred.

Rehearing denied.