[L. A. No. 2528. Department Two.—March 31, 1911.]

In the Matter of the Estate of CHARLES A. ROBINSON, Deceased. TERESA MARTIN, Appellant.

WILL—RESIDUARY CLAUSE—BEQUEST TO HEIRS AT LAW—INCLUSION OF PERSON NOT AN HEIR.—A will, after giving a pecuniary legacy to a designated person described by the testator as "my niece," provided in the residuary clause that the residue of his estate should go "to my heirs at law as they are entitled by the laws of inheritance and succession, including my niece above named, to share in this clause." The person so designated as "my niece," was not a niece of the testator, nor one of his heirs at law, but was a niece of his deceased wife. His heirs at law were a surviving sister, and the descendants of two deceased sisters and of one deceased brother. *Held*, that the person so designated as the testator's niece was to be considered, in the distribution of such residue, as one of the testator's heirs at law, and was entitled to a one fifth thereof.

ID.—CANONS OF CONSTRUCTION.—In construing a will, inquiry should be directed to the meaning of the words employed and the intent of the testator will be derived therefrom. Such words should receive an interpretation which will give to every expression some effect rather than one which will render any of the expressions inoperative.

APPEAL from a decree of the Superior Court of Los Angeles County distributing the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Wal. J. Tuska, for Appellant.

Stutsman & Stutsman, and Hammack & Hammack, for Respondents.

HENSHAW, J.—The will of Charles A. Robinson, deceased, was duly admitted to probate. That will gave "to my niece, Mrs. Teresa Martin of San Francisco, the sum of $1500.00." The residuary clause of the will is as follows: "Fourth, all the remainder of my estate I give, bequeath and devise to my heirs at law as they are entitled by the laws of inheritance and succession, including my niece above named, to share in this clause."

No difficulty arose over the legacy to Mrs. Teresa Martin, which she received in due course of administration. Under pending proceedings for the distribution of the residue of the estate Mrs. Martin petitioned for distribution to her of one fifth of that residue under the residuary clause above quoted. It was shown at the hearing that Mrs. Teresa Martin sustained no blood relationship to the deceased. She was not in law his niece but was the niece of his deceased wife, therefore, Mrs. Teresa Martin was not an heir at law of deceased. It further appeared that the heirs at law of the deceased were a surviving sister and the descendants of two deceased sisters and of one deceased brother. The court in probate denied the petition of Mrs. Teresa Martin upon the ground that "the testator's attempt to make said Teresa Martin an heir at law, and, therefore, entitled to share in said distribution, is void for uncertainty."

The correctness of the court's conclusion in this regard and the right of Teresa Martin to take under the residuary clause of the will above quoted is the question here presented for consideration. The question is a narrow one. It is to be resolved in the light of the familiar canons of construction that the inquiry of the court will be directed to the meaning of the words employed and the intent of the testator will be derived therefrom (*Estate of Young*, 123 Cal. 337, [55 Pac. 1011]), and that the words of a will are to receive an interpretation which will give to every expression some effect

CLIX Cal.—39

rather than one which will render any of the expressions inoperative. (Civ. Code, sec. 1325.)' It is manifest that the testator designed that Mrs. Teresa Martin should share in the distribution of the residue of his estate and that she should be treated as an heir at law though not in fact one. The will itself answers the question as to the class or category into which she should go as such heir at law. She is to be considered as a niece of the deceased. But as a niece would not be an heir at law saving upon the death of the parent related by blood to the deceased, it follows necessarily that the testator meant Mrs. Martin to be regarded as an heir at law standing in the position of the child of a deceased brother or sister. As Mrs. Martin is alone mentioned in this connection it also necessarily follows that she is to be regarded for the purpose of distribution as the sole child of such deceased brother or sister and that her distributive portion would, therefore, be one fifth of the residuum of the estate.

It is therefore ordered that the decree of distribution be modified in conformity herewith.

Lorigan, J., and Melvin, J., concurred.