[Civ. No. 4522. Third Appellate District.—December 12, 1931.]

In the Matter of the Estate of THOMAS JEFFERSON BROWN, Deceased. WILLIAM BROWN, Executor, etc., Appellant, v. ELLA WEIK LOOMIS, Respondent.

Arthur M. Dean and L. C. Smith for Appellant.

Baker & Ross for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a decree of partial distribution. The review involves only the construction of the terms of a will to ascertain the intention of the testator in the devise of real property.

Mr. Thomas J. Brown, the testator, was an elderly unmarried gentleman who owned a tract of land in block 44 of the city of Redding upon which he had constructed five

cottages for the purpose of renting. For many years he resided in one of these cottages. It was a two-room cabin fronting on Sacramento Street, but set back from this street a considerable distance. The approach and main entrance to this house was from Sacramento Street. It had no street number. Some time subsequent to the construction of the cottage in which he resided, the testator built on lot 5, block 44, of this tract of land a three-room cottage which was numbered 506 and fronted on South Street near the property line. South Street was on the opposite side of the block from Sacramento Street. This cottage, including the side porches and a woodshed at the rear, is about 24 by 40 feet in dimensions. The rear of this house was situated only about ten feet from the rear of the building occupied by the testator. A porch connected the two structures. Subsequently this porch was enclosed and roofed in an improvised fashion, to provide for a bathroom to accommodate both dwellings. Outside doors communicated with this bathroom from both houses. For several years the South Street cottage was occupied by the respondent, Ella Weik Loomis. She was then unmarried and was called Ella Weik. She was not related to the testator, but was a friend and usually paid no rent for the use of the cottage.

In October, 1929, the testator became ill and was taken to a hospital in Redding. At his request, Mr. Dean, the appellant's attorney, prepared his will, which was duly executed in the presence of two subscribing witnesses on October 9th. The will contained this provision: "I give, devise and bequeath to my friend Ella Weik, of the City of Redding, Shasta County, California, the dwelling at No. 506 South street, in the City of Redding, County of Shasta, State of California, together with the lot around said dwelling, being 25 feet fronting on the said South street, and extending back and northerly a distance of 40 feet."

Upon proceedings duly had this will was admitted to probate. On petition for partial distribution of the dwelling-house last above referred to, contrary to the appellant's opposition thereto, the court found: "That it was the intention of the testator by said devise to give the said Ella Weik the said dwelling at No. 506 South street, in the City of Redding, County of Shasta, State of California, together with the lot around said dwelling, and that it was

not the intention of said testator to limit said devise by the dimensions given of twenty-five feet frontage on the said South street and extending back and northerly a distance of forty feet.''

The court thereupon specifically described and distributed to the respondent portions of lots 5 and 6, block 44, fronting 31 feet on South Street and extending back toward Sacramento Street a distance of 60 feet, together with the dwelling-house in which she resided and also the one where the testator lived prior to his illness. From this decree, the executor of the will has appealed.

It is contended the finding of the court above quoted is unsupported by the evidence, and that the decree of partial distribution is in violation of the unambiguous terms of the will.

A reasonable construction of the language of the will seems to support the appellant's contentions. When a testator specifically devises a piece of land which he describes as ''twenty-five feet frontage on the said South street and extending back and northerly a distance of forty feet'', it seems unreasonable to assume, under the circumstances of this case, that he intended to devise a piece of land which is 31 feet fronting on South Street and 60 feet in depth. The language of the will does not bear this construction. It is apparent the court assumed the testator intended to give the respondent not only the house in which she resided, but also the one in which he lived, together with sufficient land to include both structures; that both houses constituted but one dwelling since they were united by an intervening bathroom, and that this purpose required the conveyance of a piece of land 31 by 60 feet in size. But this is in conflict with the unambiguous language of the will. ■■■ The intent of the testator must be determined, if possible, from the language of the will. (*Estate of Young,* 123 Cal. 337, 344 [55 Pac. 1011]; *Fay* v. *District Court of Appeal,* 200 Cal. 522, 536 [254 Pac. 896].) The authorities are uniform in declaring that: '' 'The purpose of construction as applied to wills is unquestionably to arrive if possible at the intention of the testator, but the intention to be sought for is not that which existed in the mind of the testator but that which is expressed in the

language of the will.' It is not the business of the court to say in examining the terms of a will, what the testator intended, but what is the meaning to be given to the language which he used.'' *(Estate of Blake,* 157 Cal. 448, 459 [108 Pac. 287, 291].)

Where the language of a will is uncertain, the intention of the testator may be ascertained by construing the language of the will in the light of surrounding circumstances. (Civ. Code, sec. 1318.) The surrounding circumstances which prevailed in the present case seem to leave no doubt that the testator intended to devise to the respondent the house in which she resided, together with sufficient land to include it, which was described as 25 feet fronting on South Street, by 40 feet in depth.

Mr. Dean, the attorney for appellant, testified that when the testator directed him to prepare the will, he gave ''his instructions to me, he said he wanted to give *that portion of the little house she lived in to Ella Weik,* at 506 South street.'' He further testified, ''I asked him how he was going to describe that portion, and he said, 'You will have to go down there and measure it,' which I did. . . . I told him [after making the measurements] that I went down to that little house, 506 South street, he told me about, measured off 25 feet frontage at 506 South street, and then ran back 40 feet, and cut the little house she lived in about a foot back of where it adjoins onto his house, and asked him if that was what he wanted. . . . And he said yes, that was all right.'' The attorney then returned to his office and drew the will accordingly. Returning to the hospital, the will including the paragraph under construction was read to the testator in the presence of four other persons. He was then of sound mind and rational. Regarding this circumstance, Mr. Dean said. ''I then read the will to him, explained to him again what I had done, and asked him if it was satisfactory to him, and he said it was. . . . Q. All these measurements contained in this will were put there on your own initiative? A. No. I submitted them to him before I ever wrote the will, and he ratified them.'' Corroborating this statement, Mr. Hanford, who was one of the subscribing witnesses to the will, testified he was present and heard the conversation between Mr. Dean and the testator regarding the devise to Ella Weik. He said: ''Mr. Dean

then told him that after their conversation earlier in the day, that he had gone to the little house Ella Weik lived in at 506 South street, in Redding, and measured off 25 feet frontage on South street, and then run back and northerly 40 feet which gave her a tract of ground 25 by 40 feet around the house she lived in, and that the back line cut the shed or lean-to that connected the little house Ella Weik lived in off from the cabin Jeff Brown lived in at a point about one foot back of the little house she lived in, and again Mr. Dean asked Mr. Brown if that was what he wanted to give to Ella Weik, and he said it was. He then signed the will.''

There are no circumstances in this case which reasonably indicate the testator intended to give the respondent the cabin in which he had resided, together with the land upon which it is located, in addition to the cottage in which she lived and the land upon which it is located. The finding of the court with respect to the intention of the testator is without support of the evidence.

It therefore becomes necessary to modify the decree of partial distribution to conform to the language of the will specifying the dimensions of the lot. The court is accordingly directed to modify the decree so as to distribute to the respondent only that portion of lot 5, block 44, of the city of Redding, upon which the dwelling-house numbered 506 South Street is located, beginning at the point therein designated and extending westerly along the south line of said lot 5, a distance of 25 feet; thence northerly and parallel to the line between lots 5 and 6 of said block 44, a distance of 40 feet; thence easterly and parallel with said south line of said block 44 a distance of 25 feet; thence southerly and parallel with said line between lots 5 and 6 of block 44, a distance of 40 feet to the place of beginning, together with the dwelling-house which is situated thereon.

Thus modified, the order and decree of partial distribution is affirmed.

Preston, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 11, 1932, and an application by respondent to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1932.