[Civ. No. 9322.   First Appellate District, Division Two.—January 17, 1934.]

In the Matter of the Estate of THERESA DOROTHEA COMBS, Deceased. THERESA GERTRUDE KOVACS, Appellant, v. ST. PAUL'S ENGLISH EVANGELICAL LUTHERAN CHURCH, Respondent.

Hare & Walden for Appellant.

Clarence B. Runkle for Respondent.

STURTEVANT, J.—The decedent left a holographic will in words and figures as follows:

> "Los Angeles, California
> "June 17th, 1926

"I, Theresa Dorothea Combs, being of sound mind and body, and fully cognizant of what I am doing, hereby make this my last will and testament. I wish to appoint my daughter Theresa Gertrude Patterson, that she, without bonds have ample legal power to administer said Estate.

"I bequeath the sum of $1500.00 (fifteen hundred dollars) to St. Paul's english evangelical lutheran church located at Euclid Avenue and Eagle Street, Los Angeles, California, to be applied on a pipe organ.

"I bequeath the sum of $700.00 (seven hundred dollars) to my dear sister Mrs. Amalia Simis; also $200.00 (two hundred dollars) to my nephew Theodore E. Simis, son of my sister Mrs. Amalia Simis.

"The sum of $200.00 (two hundred dollars) to our highly esteemed Pastor, Rev. J. E. Hoick.

"Besides $100.00 (one hundred dollars) to my dear friend Mrs. Anna Engnell, in consideration of love and kindness received, when mostly needed.

"To my beloved grandsons, Theodore Franklin Combs Jr. and Paul Howard Combs, each $500.00 (five hundred dollars), this amount to be kept on investment, until said grandsons become of age, twenty one years resp., thereby increasing the amount.

"All the rest, residue and remainder of my Estate I hereby devise and bequeath to my dearly beloved children, Leslie Gustav, Theodore Franklin, and Theresa Gertrude Patterson, share and share alike.

"My personal property to go to my daughter Theresa Gertrude Patterson.

> "THERESA DOROTHEA COMBS
> "Signature THERESA D. COMBS."

The will was admitted to probate and on September 28, 1928, an inventory was returned and filed which showed the estate to consist of the following items:

"Moneys belonging to said deceased, which have come to the hands of the ...............$

| | |
|---|---|
| Cash in Bank of Santa Maria................. | 1446.61 |
| " " California Bank, L. A................ | 900.00 |
| Promissory note of Theo. Combs for $500.00 due Oct. 17—1925—Interest 7%—appraised at | $500.00 |
| Promissory note of Harry and Edith Hahn for $4250.00 due April 16 — 1927 — Interest 7½% and secured by a mortgage on real property—appraised at ................. | 4250.00 |
| Unsecured note of Sarah Barney for $500.00 due July 2—1927—for 7%—appraised at.. | 500.00 |
| Unsecured note of Carl Stevenson for $1500.00 due July 8—1928—Int. 7%—appraised at. | 1500.00 |
| Unsecured note of Albert Grabe for $1,000.00 due Nov. 1—1927—Int. 7%—appraised at. | 1000.00 |

Also real property situate in the County of Los Angeles, State of California, described as follows, to-wit:

"The Southeast 40 feet of Lot 16 Block 'B', of Mountain View Tract, as per map in Book 24, p. 25 Misc Records of said County —appraised at ........................ 4200.00

"Total ...............$14,296.61."

Thereafter, August 5, 1932, she filed an account showing total receipts of $16,915.91, disbursements $5,846.34 and personal property on hand $11,069.57. With the account she filed a petition for final distribution in which she set forth:

"That according to the terms of the Last Will and Testament of said deceased, duly admitted to probate herein, said estate should be distributed as follows:

"That according to the terms of the Last Will and Testament of said deceased, duly admitted to probate herein, all of the personal property belonging to said deceased is bequeathed to Theresa Gertrude Patterson, now Theresa Gertrude Kovacs, your petitioner herein.

"That the only property belonging to said deceased at the time of her death undisposed of by will, after the fore-

going specific bequest, was a parcel of real property which was appraised at the sum of $4200.00. That said real property was improved with a small cheap house which was quite old, and very expensive to maintain, and which your petitioner was unable to sell until very lately, and during the interim between the death of said deceased and the time of the sale the property had so greatly depreciated in value by reason of the change of the vicinage to that of a less desirable nature, that your petitioner was unable to obtain a sum greater than $2,000.00. After paying an agent's commission and escrow charges, the net result of the sale was only $1848.35.

"From the foregoing it will be seen that said sum of $1848.35 is insufficient to pay the costs and expenses of administration, and your petitioner is informed and believes and upon such information and belief alleges that all of the bequests to St. Paul's English Evangelical Lutheran Church, Mrs. Amalia E. Simis, Theodore E. Simis, Rev. J. E. Hoick, Mrs. Anna Engnell, Theodore Franklin Combs, Jr., and Paul Howard Combs cannot be paid, and that each and every of said last named general bequests fail by reason of the fact that there are no funds belonging to the estate with which to make such payment, and that distribution of all of said estate should be made to your petitioner the said Theresa Gertrude Patterson, now Theresa Gertrude Kovacs."

St. Paul's English Evangelical Lutheran Church, one of the legatees, appeared and filed written objections to the petition for distribution. The court made a decree which, among other things, provided as follows: " . . . and orders distribution thereof as follows:

"To St. Paul's English Evangelical Lutheran
     Church ................................$1500.00
  To Mrs. Amalia Simis, the sum of............... 700.00
  To Theodore E. Simis, the sum of............... 200.00
  To Rev. J. E. Hoick, the sum of................. 200.00
  To Mrs. Anna Engnell, the sum of............... 100.00
  To Theodore Franklin Combs, Jr., the sum of..... 500.00
  To Paul Howard Combs, the sum of.............. 500.00

"The said legacies of Theodore Franklin Combs, Jr., and Paul Howard Combs to be kept on investment until they become of age.

"All personal effects of said deceased to go to Theresa Gertrude Kovacs, formerly Theresa Gertrude Patterson.

"All the rest, residue and remainder of said estate, wheresoever situate and whether described herein or not be and the same is distributed to the children of said deceased, share and share alike, to-wit, Leslie Gustav Combs, Theodore Franklin Combs, and Theresa Gertrude Kovacs, formerly Theresa Gertrude Patterson.

"The property of said estate hereby distributed so far as same is known is described as follows:

"Cash .....................................$5,819.57
Promissory note of Harry & Edith Hahn, payable in the sum of ...................... 4,250.00
Promissory note of Sarah Barney, payable in the sum of .............................. 500.00
Promissory note of Theodore Combs, payable in the sum of .......................... 500.00"

From that decree the surviving daughter appealed. She contends the trial court erred in holding the words "personal property" as used in the last sentence were used in a restricted sense and meant "personal effects". She quotes section 106 of the Probate Code and she quotes from *In re Brown's Estate,* 119 Cal. App. 195, at page 197 [6 Pac. (2d) 319], as follows: "The intent of the testator must be determined, if possible, from the language of the will. (*Estate of Young,* 123 Cal. 337, 344 [55 Pac. 1011]; *Fay* v. *District Court of Appeal,* 200 Cal. 522, 536 [254 Pac. 896].) The authorities are uniform in declaring that: ' "The purpose of construction as applied to wills is unquestionably to arrive if possible at the intention of the testator, but the intention to be sought for is not that which existed in the mind of the testator but that which is expressed in the language of the will." It is not the business of the court to say in examining the terms of a will, what the testator intended, but what is the meaning to be given to the language which he used.' (*Estate of Blake,* 157 Cal. 448, 459 [108 Pac. 287, 291].)" The respondent replies that it admits the rules stated, but says there are other rules which must also be considered. It then presents several arguments each based on different assumptions. In the first place, it assumes that the testatrix knew when she wrote her will that her real estate was of a value of only $4,200;

that she also knew the minimum costs of administration would amount to $2,052.39. Subtracting those costs from $4,200 would leave $2,147.61 to pay $3,700 in specific bequests. Again it says that if we deduct $3,646.34, the actual costs of administration, not counting depreciation of real estate, from $4,200, the value of the real estate, there is left $553.66 to pay $3,700 in legacies. In either event the appellant's construction would entirely cut out the rights of her brothers to receive anything. Furthermore such construction operates to render nugatory every part of the will except the last clause. The respondent then asserts that a construction which gives effect to every provision of the will is preferred to one which will render some provisions inoperative. (Probate Code, sec. 102; *Estate of Robinson*, 159 Cal. 608 [115 Pac. 49].) These contentions of the respondent we think are well founded. ■ Furthermore, as the respondent contends, we see no violation of the provisions of section 106 of the Probate Code. That rule commands us to take the words of the will "in their ordinary and grammatical sense. . . . " The trial court did so. Because the statute defines the words "personal property" the appellant contends that the statutory definition is the ordinary meaning. In that assumption she begs the question. The words "personal property" have many meanings. "Although popularly the term personal property is used in a somewhat restricted sense to include only goods and chattels, tangible things, the subjects of personal use, in its broad and general sense it includes everything which is the subject of ownership not coming under the denomination of real estate; . . . " (50 C. J. 760.) The broad meaning happens to coincide with the statutory definition. ■ When under such circumstances a court is construing the meaning of a will it will not be confined to an examination of the meaning of the words used in one particular sentence without regard to other sentences contained in the will. But it will consider all of the sentences and when possible give some force and effect to each one. (Probate Code, sec. 103.) That rule is peculiarly applicable to a holographic will. (*In re Stratton*, 112 Cal. 513, 519 [44 Pac. 1028].) In the case entitled *Estate of Ladd*, 94 Cal. 670, at page 674 [30 Pac. 99, 101], the court quoted with approval as follows: "The different parts of a will, or of a will and

codicil, shall be reconciled, if possible, and where a bequest has been once made, it shall not be revoked, unless no other construction can be fairly put upon the language used by the testator. (Citing cases.)'' In the case entitled *Estate of McCauley,* 138 Cal. 432, on page 434 [71 Pac. 512], the court takes up the same subject and cites many authorities to the same effect. The decision in *Estate of Koch,* 8 Cal. App. 90 [96 Pac. 100], is helpful but not closely in point in the instant case. Our attention has not been called to any case in this state that is directly in point. The respondent cites *Stender* v. *Stender,* 181 Mich. 648 [148 N. W. 255]; *Gist* v. *Craig,* 142 S. C. 407 [141 S. E. 26]; *In re Moore's Estate,* 241 Pa. 253 [88 Atl. 432]. All of those cases are directly in point and support the contentions of respondent.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.