[Civ. No. 10999. Second Appellate District, Division Two.—May 25, 1936.]

In the Matter of the Estate of EDWARD DEFFEBACH, Deceased. CHARLES DEFFEBACH et al., Respondents, v. MYRTLE CODRICK, Appellant.

George Woods and C. P. Von Herzen for Appellant.

Clyde C. Triplett, Jensen & Jensen and William C. Jensen for Respondents.

CRAIL, P. J.—This is an appeal from two orders construing the holographic will of the testator, a portion of which reads as follows: "My property consists of two notes of $5500.00 each, two houses and furniture in Los Angeles on one lot, one two story brick building in Ocean Park, some cash in bank. To Myrtle Codrick I will one of my notes of $5500.00 date June 10, 1929, secured by mortgage on the property I sold on Twenty-fifth Street. To Jesse Ross Deffebach my son now living at Forum Apartments in Los Angeles, California . . . I will the other note for $5500.00, dated June 10, 1929, secured by mortgage on the same property to my son Jesse Ross Deffebach." The testator was possessed of two promissory notes secured by mortgage, each dated the same day, each secured by mortgage on the identical property, and each for the identical sum of $5,500. One of these notes was secured by a first mortgage and the other note was secured by a second mortgage. The decedent by his will disposed of the rest of his property, devising his house to his son and his two-story brick building to his daughter. Myrtle Codrick was not related by blood to the testator. The trial court held that the provisions of the will with regard to the two notes were ambiguous and that the decedent died intestate as to said notes, and held further that the heirs at law of the decedent were entitled to inherit said notes in place of the devisees.

It will be observed that the will describes the note which was bequeathed to Jesse Ross Deffebach as a note "secured by mortgage on the same property to my son Jesse Ross Deffebach". The record before us is silent as to whether there was any such note. No point is made by either of the parties

with regard to this language of the will and we make no point of it.

■ In construing a will its words should receive an interpretation which will give to every expression some effect rather than one which will render any of the expressions inoperative, and of two modes of interpreting a will, that is to be preferred which will prevent intestacy. (Probate Code, sec. 102; *Estate of Johnson,* 107 Cal. App. 236 [290 Pac. 314] ; *Le Breton* v. *Cook,* 107 Cal. 410, 416 [40 Pac. 552].)

■ It is our conclusion that the provisions of the will in question are not ambiguous in the sense that they are void for ambiguity. The intention of the testator as expressed by the will was to first give to Myrtle Codrick one of the said notes and to give to his son Jesse ''the other'',—the note which remained. Myrtle Codrick is entitled to her election. For somewhat similar cases where an election was permitted see *In re Turner's Will,* 206 N. Y. 93 [99 N. E. 187, 41 L. R. A. (N. S.) 1049] ; *Duckmanton* v. *Duckmanton,* 5 Hurl. & N. 219, 20 L. J. Exch. 132; *Tapley* v. *Eagleton,* 12 L. R., Ch. Div., p. 683; *Prater* v. *Hughston,* 202 Ala. 192 [79 So. 564].

The orders are reversed.

Wood, J., and Gould, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1936.