[L. A. No. 17113. In Bank.—December 3, 1940.]

In the Matter of the Estate of CARRIE L. NORTHCUTT, Deceased. FOREST G. SMITH, as Executor, etc., Appellant, v. ROBBIE NELSON DEWAR, Respondent.

Helen King for Appellant.

Hansen & Sweeney and E. D. Yeomans for Respondent.

THE COURT.—The executor and testamentary trustee named in the will of Carrie L. Northcutt, deceased, has instituted this appeal from an order of partial distribution by which the sum of $750 was directed to be paid out of the estate to the respondent, Robbie Nelson Dewar, who was designated as one of the legatees in the said will.

At the time of her death on February 14, 1938, the testa-

trix possessed two parcels of real property of the estimated total value of $40,000, cash on deposit in a bank in the amount of $7,250.75, and certain other property which consisted of household furniture and personal effects of the value of approximately $200. She was survived by her sister, Mrs. Byrd Lowell Boyd, the latter's son, Earl Lowell Standish, and Robbie Nelson Dewar, who was also a nephew of the testatrix. By the terms of the said will, Forest G. Smith, who as attorney for the testatrix had prepared the document, was appointed the executor thereof.

In the fourth paragraph of the will of the testatrix the following provision was set forth: "I hereby direct that my Executor shall sell all my personal property, and shall divide the same in equal shares between Mrs. Byrd Lowell Boyd and Robbie Nelson Dewar. If, however, any of the portion of the same is needed to pay debts or cost of administration, same to be first deducted."

The fifth paragraph of the will provided as follows: "I give, devise and bequeath the residue of my estate, real and personal, wherever situated and however held, hereinafter termed the 'Trust Estate' to Forest G. Smith, as Trustee in Trust as follows: . . . " Thereafter, and in the same paragraph,—which contained the provisions by which the trust was created,—it was specified that during the term of the trust the entire net income from one of the two parcels of real property hereinbefore mentioned should be paid to Mrs. Byrd Lowell Boyd, sister of the testatrix, and that the net income from the other parcel of real property should be paid to the nephew, Robbie Nelson Dewar. By the provisions of the trust, the trustee was given full power to pay out of the principal and gross income of the trust estate all expenses and liabilities of every kind which might be incurred in the administration and protection of the trust. In the said fifth paragraph of the will it was further provided that the term of the trust should be twenty years, at the expiration of which time each of the two parcels of real property was to become the sole and separate property, respectively, of each of the two named beneficiaries. It appears, therefore, that the sister and the nephew of the testatrix, who are the legatees named in paragraph four, were designated as the only beneficiaries in the fifth paragraph of the will, which related wholly to the "Trust Estate". By the terms of a

separate paragraph of the will it was specifically declared that the testatrix ''purposely, intentionally and with full knowledge'' omitted the making of any provision for her other nephew, Earl Lowell Standish.

The principal question that is presented by the appeal is with respect to the construction which should be placed on the language used in the fourth and fifth paragraphs of the will. In that regard the probate court ruled that the ''personal property'' mentioned in the fourth paragraph was intended to include the sum of money which at the time of her death was credited to the account of the testatrix in the bank; and on the basis of that construction the court directed that distribution of the sum of money heretofore mentioned be made to the legatee, Robbie Nelson Dewar.

It will be noted that the pertinent portion of the provisions of paragraph four of the will provided as follows: ''. . . my executor shall sell all my *personal property,* and shall divide the same in equal shares between Mrs. Byrd Lowell Boyd and Robbie Nelson Dewar''. The construction which the probate court placed on the ambiguous language thus quoted was that by the use of the term ''personal property'' the testatrix intended to have included within that designation the sum of money which was on deposit to her credit in the bank; that such sum was to be added to the money which might be obtained from a sale of that part of the personal property which could be sold, and that the total amount of those two items—less any portion thereof which might be needed to pay debts and costs of administration—should be divided equally between the two named legatees.

As opposed to that conclusion, although appellant concedes that it is generally recognized that the term ''personal property'' is deemed to include all property—other than real property—which may be the subject of ownership, nevertheless it is contended that when the words ''personal property'' are used in a testamentary document the meaning which ordinarily might be attached to those particular words may be restricted or controlled by other general words with which they may be associated. And in that regard appellant directs attention to the fact that in said fourth paragraph of the will the testatrix provided that all her personal property should be *sold.* Appellant contends that, since it is obvious that the sum of money on deposit in the bank could not be

made the subject of sale, the testatrix apparently had not intended to include that fund as a part of the "personal property" referred to in the said fourth paragraph; that by the further direction in said paragraph that the executor "shall divide the same", the testatrix meant that the *proceeds* from the intended sale of that part of her personal property which was salable should be divided; and that the balance of her personal property—which was the sum of money on deposit to her credit in the bank—was not intended to be disposed of by the provisions of the fourth paragraph, but was intended to pass to the trustee by virtue of the residuary language in the fifth paragraph, wherein it was provided that: "I give, devise and bequeath the residue of my estate, real and personal, wherever situated and however held, hereinafter termed the 'Trust Estate' to Forest G. Smith, as Trustee in Trust as follows: . . . "

In that regard, it is contended by appellant that, by the use of the last quoted language in the fifth paragraph of the will, the testatrix intended to bequeath to him, as trustee, "for the purposes of the trust", all her personal property except the furniture and personal effects. In answer to that contention, respondent suggests that the use of the term "personal property" in the residuary clause was merely a compliance with the form in which a residuary provision is usually set forth in a will—for the purpose of preventing the possible lapse of a gift for which a testator may have made specific provision elsewhere in the will. In connection therewith, respondent asserts that notwithstanding the residuary language which was employed in the fifth paragraph of the will, the remaining provisions set forth therein disclose the fact that it was not the intention of the testatrix that the money on deposit to her credit in the bank should pass into and become a part of the trust. Furthermore, respondent directs attention to the following facts which are made apparent from a reading of the entire context of the said fifth paragraph: that no express provision was made therein for the disposition to any beneficiary of either the income from or the principal of the fund on deposit in the bank; that the existence of such a fund was not even mentioned therein; and that the only property which the testatrix disposed of, or even attempted to dispose of, by the provisions of the trust—as fully set forth in the fifth paragraph of the will—was the

real property therein described,. and the income therefrom. In that connection, respondent cites the provisions of section 2221, Civil Code, together with the cases entitled *Estate of Ralston,* 1 Cal. (2d) 724, 726 [37 Pac. (2d) 76], and *Wittfield* v. *Forster,* 124 Cal. 418 [57 Pac. 219], as authority for the rule that it is essential to the creation of a voluntary trust that the language by which the trust is sought to be created not only indicate a definite intention to create a trust, but that it also express with certainty the subject, purpose and beneficiary of the trust.

■    However, returning to a more specific consideration of the language which appears in the fourth paragraph of the will,—from which the intention of the testatrix is to be gleaned (*Estate of Robinson,* 159 Cal. 608 [115 Pac. 49]; *Estate of Bourn,* 25 Cal. App. (2d) 590 [78 Pac. (2d) 193]; *Estate of Combs,* 136 Cal. App. 286 [28 Pac. (2d) 711]),—and in the light of the rule that the words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any expression inoperative (*Estate of Tompkins,* 132 Cal. 173 [64 Pac. 268]; *Estate of Deffebach,* 14 Cal. App. (2d) 268 [57 Pac. (2d) 1340]), among other things, it may be noted that in referring to the disposition of her personal property the testatrix used the word "all". By the particular language there employed the testatrix directed the executor to sell "*all*" her "personal property" and "divide *the same*" equally between the two named legatees. It therefore becomes obvious that if appellant's proposed construction of the provisions of the said fourth paragraph of the will were to be adopted, a small portion only of "all" of the personal property of the testatrix would pass to the designated legatees. ■    Moreover, with respect to the signification which may be attached to certain technical words and phrases, by the specific provisions of section 14, Civil Code, the words "personal property" are to be interpreted as including "money". ■    And although it is true that when used in a will technical words are not always to be construed in a technical sense, and that a nontechnical meaning may be given to such words where it appears that the will has been drawn solely by the testator who was not familiar with the technical meaning of the terms (*Estate of Gracey,* 200 Cal. 482 [253 Pac. 921]; *Estate of Olsen,* 9 Cal. App. (2d) 374, 379 [50 Pac. (2d) 70]), yet in

the present case, as hereinbefore has been stated, the will was not prepared by the testatrix herself but was drafted by her attorney. Accordingly, it may be assumed that the legal terms embodied in the will were used in their technical sense. In that regard, in *Estate of Bourn, supra,* it was said that: "As declared by section 106 [Probate Code] . . . 'technical words in a will are to be taken in their technical sense, unless the context clearly indicates a contrary intention, or unless it satisfactorily appears that the will was drawn solely by the testator, and that he was unacquainted with such technical sense'; and it is held generally that where the will is drawn by a lawyer whose experience and competence are beyond question, the presumption that legal terms embodied in the will are used in their legal sense is all but conclusive. (See *Hay* v. *Dole,* 119 Me. 421 [111 Atl. 713] ; *In re Leonard's Will,* 143 Misc. 172 [256 N. Y. Supp. 355], citing numerous authorities.)" (See, also, *Estate of Hollingsworth,* 37 Cal. App. (2d) 432 [99 Pac. (2d) 599] ; 26 Cal. Jur., p. 895.)

Furthermore, one of the governing rules with respect to the construction of a will is that the words are not to be construed by any one section or paragraph but that the instrument must be read as a whole (*Estate of Vizelich,* 129 Cal. App. 347 [18 Pac. (2d) 773] ; *Estate of Somerville,* 12 Cal. App. (2d) 430 [55 Pac. (2d) 597]), and that all parts of a will are to be construed together and in relation to each other so as to form, if possible, a consistent whole (*Estate of Mayne,* 28 Cal. App. (2d) 340 [82 Pac. (2d) 504]).

In the light of the foregoing rules, it becomes apparent that if the terms of the will of the testatrix were to be so construed that the money on deposit in the bank was intended to pass to the trustee and become a part of the trust estate, the ultimate result would be that Mrs. Northcutt died intestate as to that particular property, since no beneficiary was expressly named in the trust provisions of the will with respect to the fund in the bank. And, in the event of the application of that construction, the sum which was on deposit in the bank would not be distributed until after the termination of the trust,—at which time one of the heirs at law, who had been specifically disinherited by the testatrix in her will, would thereupon be entitled to a proportionate share of that fund. With respect to such a situation, many decisions of this state provide authority for the rule that where by

the terms of a will it is not made clear nor certain that intestacy—whether partial or total—was intended, an interpretation which will avoid intestacy will be adopted. (*Estate of Deffebach*, 14 Cal. App. (2d) 268 [57 Pac. (2d) 1340]; *Estate of Mallon*, 34 Cal. App. (2d) 147 [93 Pac. (2d) 245]; *Estate of Wallace*, 11 Cal. (2d) 338 [79 Pac. (2d) 1094]; *Estate of Beldon*, 11 Cal. (2d) 108 [77 Pac. (2d) 1052].) Also, it has been judicially declared that "The very fact of making a will raises a presumption that the testatrix intended to dispose of all of her property". (26 Cal. Jur., p. 899; see, also, *Estate of Beldon, supra; Estate of Olsen*, 9 Cal. App. (2d) 374, 379 [50 Pac. (2d) 70].) And in the case last cited, the court reiterated the rule that "Whenever a disputed word or phrase may be reasonably given either of two meanings, that meaning should be given which will prevent intestacy . . . (*Estate of Farelly*, 214 Cal. 199, 206 [4 Pac. (2d) 948]; *Estate of Heberle*, 153 Cal. 275 [95 Pac. 41]; *O'Connor* v. *Murphy*, 147 Cal. 148 [81 Pac. 406])." Constructions which lead either to total or partial intestacy are not favored. (*Estate of Gracey*, 200 Cal. 482 [253 Pac. 921].)

On consideration of the will in its entirety, it would seem obvious that the testatrix did not intend that the fund on deposit in the bank should pass to the trust estate, which was created by the provisions of paragraph five. That conclusion is supported by the fact that with respect to the bank account the testatrix failed to appoint a beneficiary,—and by the further fact that none of the provisions of the trust contains any reference to such fund, or to a disposition either of the income from or the principal of any property except the two parcels of real property. And it appears equally clear that the testatrix desired that *all* her personal property including the said money in the bank, should be distributed under the provisions of the fourth paragraph of the will.

Furthermore, the construction placed by the probate court on the terms of the will is not unreasonable. And the rule is well settled that where the construction given to an instrument by a trial court is reasonable and appears to be consistent with the intent of the party making it, courts of appellate jurisdiction will not substitute another interpretation, even though it may seem equally tenable with that accorded by the trial court. (*Estate of Maloney*, 27 Cal. App.

(2d) 332, 334 [80 Pac. (2d) 998]; *Estate of Mallon,* 34 Cal. App. (2d) 147 [93 Pac. (2d) 245]; *Estate of Boyd,* 24 Cal. App. (2d) 287 [74 Pac. (2d) 1049]; *Estate of Wilson,* 40 Cal. App. (2d) 229 [104 Pac. (2d) 716]; *Estate of Bourn,* 25 Cal. App. (2d) 590 [78 Pac. (2d) 193].)

It therefore follows that the order appealed from should be, and it hereby is, affirmed.

Rehearing denied.