HENRY F. ANDREWS, Executor,

*vs.*

IDA H. SCHOPPE, and others.

Penobscot.     Opinion January 12, 1892.

*Will.     Choses in action.     All other articles of personal property.*

A testatrix, by the second item of her will made a bequest to her niece in the language following: "To my niece, . . . . . I give all my house-keeping articles, including all my household furniture, beds and bedding, kitchen and table furnishing, books and pictures, all my wardrobe and all other articles of personal property in the house at the time of my death belonging to me."

At the time of making the will and at the time of her decease, the testatrix had four promissory notes amounting to about five hundred dollars; *Held,* that these notes did not pass to the niece by the foregoing clause, but became a part of the general assets of the estate and went under the residuary clause to residuary legatees.

The intention of a testator is to be gathered from the whole will, not from any particular clause where the language is susceptible of any doubt.

In ascertaining the intention of a testator where certain things are enumerated and a more general description is coupled with the enumeration, that description is commonly understood to cover only things of a like kind with those enumerated.

Choses in action differ from other personal property in that they have no locality but are considered as strictly following the person of the owner, and not incident to or parcel of a particular estate, locality, or pertaining to any particular house.

The circumstance of a pecuniary or specific legacy being given to the same or other parties has commonly been considered as favoring the construction adopted in this case.

ON REPORT.

Bill in equity to obtain the construction of the second item of the will of Isabella G. Andrews, deceased.

The case is stated in the opinion.

*A. W. Paine,* for Ida H. Schoppe.

Counsel cited, *inter alia:* *Martin* v. *Smith,* 124 Mass. 111; *Soulard* v. *U. S.* 4 Pet. 511; *Delassus* v. *U. S.* 9 *Id.* 117; *Smith* v. *U. S.* 10 *Id.* 326; *Holbrook* v. *Brown,* 2 Mass. 280; *Whiton* v. *Ins. Co.* 2 Met. 1; *Goreley* v. *Butler,* 147 Mass. 8; *Williston Seminary* v. *Co. Com. Id.* 427; *Sherman* v. *Dodge,* 28 Vt. 31; *Tomlinson* v. *Bury,* 145 Mass. 346–8; *B. & L. R.*

*Co.* v. *Salem R. R. Co.* 2 Gray 35 ; *Squier* v. *Harvey,* 16 R. I. 226 ; *Courter* v. *Stagg,* 27 N. J. Eq. 305 ; *Carlton* v. *Carlton,* 72 Maine, 116 ; *Belaney* v. *Belaney,* 2 Ch. App. Cases, L. R. 138 ; *Veazie* v. *Forsaith,* 76 Maine, 172 ; *Dole* v. *Johnson,* 3 Allen, 364 ; *Johnson* v. *Goss,* 128 Mass. 433 ; *Michell* v. *Michell,* 5 Madd. 69 ; *Hotham* v. *Sutton,* 15 Ves. 320, 326 ; *Campbell* v. *Prescott, Id.* 500.

*H. Hudson,* for residuary legatees.

Counsel cited : *Collier* v. *Squire,* 3 Russ. 467 ; *Wrench* v. *Jutting,* 3 Beav. 521 ; *Jackson* v. *Vanderspeigle,* 2 Dall. 142 ; 2 Jar. Wills (Randolph & Talcotts' ed.) p. 357 ; *Given* v. *Hilton,* 5 Otto, 591 ; *Penniman* v. *French,* 17 Pick. 404 ; *Bills* v. *Putnam,* 64 N. H. 554 ; *Dole* v. *Johnson,* 3 Allen, 364, and cases cited.

Foster, J. This bill in equity seeks the legal construction of the following clause in the last will and testament of Isabella G. Andrews, late of Bangor, deceased.

"Item 2. To my niece, Mrs. Ida H. Schoppe, I give all my housekeeping articles, including all my household furniture, beds and bedding, kitchen and table furnishings, books and pictures, all my wardrobe and all other articles of personal property in the house at the time of my death belonging to me ; the same to be divided among friends and relatives of mine including herself according to instructions which I may leave on my decease."

At the time of making the will and at the time of her decease, the testatrix had four promissory notes of the aggregate sum and value of about five hundred dollars.

The only question is whether these notes passed by the foregoing clause to Mrs. Schoppe, or became a part of the general assets of the estate and went to residuary legatees under the residuary clause of the will.

It has well been said that it is extremely difficult to construe one will by the light of decisions upon other wills framed in different language. Unless the words used are very similar, they are more likely to mislead, as was remarked by the Lord

Chancellor in a recent English case, than to assist in coming to a correct conclusion. There are, however, certain general rules that are applicable in the construction of all wills, and yet considerable discretion is required in their application to particular cases. One fundamental rule that may safely be applied in the construction of every will is, the attainment of the testator's intention. That intention is to be gathered not only from the words of the particular devise, but from the whole will, from the relations of the testator to those who are the objects of his bounty, and from all the circumstances surrounding the testator. It is also a familiar rule of construction that the words of a will must receive their usual, ordinary and popular signification, technical words excepted, unless there is something in the context, or subject matter, to indicate that the testator intended a different use of the terms employed.

Applying these general principles to the case before us, we are satisfied that it was not the intention of the testatrix that Mrs. Schoppe should have the notes in question.

No one for a moment will controvert the assertion of the learned counsel that the term "personal property," in its broadest legal signification includes everything the subject of ownership, aside from lands and interest in lands, as goods, chattels, money, notes, bonds and choses in action. In its ordinary and popular use, however, it is oftentimes used in a more restricted sense, embracing goods and chattels only. And in a recent case the court said : "It is at least doubtful whether the term personal property is generally understood to include money, notes, and choses in action." *Bills* v. *Putnam*, 64 N. H. 554, 561.

But however this may be, the evident intention of the testatrix, as disclosed by the language of the will itself, taken in connection with this term, was that she understood and used the term "all other articles of personal property" in its restricted sense.

The reasons for this conclusion are apparent when we examine the connection in which the term is used.

The language of the bequest is not simply and unqualifiedly a gift of all her personal property, as much of the argument of

counsel for Mrs. Schoppe would seem to imply. The court cannot sever those words from other portions of the clause and give them a construction regardless of their connection with other and important qualifying words. The bequest must be construed by taking the whole sentence under consideration and from all the language employed, and not from a disjointed portion only. The language employed by her is "all my house-keeping articles, including all my household furniture, beds and bedding, kitchen and table furnishings, books and pictures, all my wardrobe and all other *articles* of personal property in the house at the time of my death belonging to me."

In ascertaining the real intention of a testator there is a rule applicable in the construction of wills as well as of statutes, that where certain things are enumerated, and a more general description is coupled with the enumeration, that description is commonly understood to cover only things of a like kind with those enumerated. This is because it is presumed that the testator had only things of that kind in mind. *Given* v. *Hilton*, 95 U. S. 591, 598 ; 1 Red. Wills, 441* ; 1 Jar. Wills, 751* ; *Bills* v. *Putnam*, 64 N. H. 554, 561.

Accordingly, in *Gibbs* v. *Lawrence*, 7 Jur. N. S. 137, the court held that a bequest of "all and singular my household furniture, plate, linen, china, pictures, and other goods, chattels and effects which shall be in, upon, and about my dwelling house and premises, at the time of my decease," did not include a sum of money found in the house.

So, in *Benton* v. *Benton*, 63 N. H. 289, the testator gave his wife "every article of household furniture in and on said premises, including piano, books, minerals, shells, and curiosities, and every article of personal property in and about said homestead, or wherever found belonging to my estate ;" also, " the dividends and income on all my railroad shares I may own at the time of my decease, and also the interest and income on all my government and other bonds which I may possess at the time of my decease,"— and it was held that neither the money, nor promissory notes of which the testator died possessed, nor the railroad shares or government bonds passed by the will to

the wife. The court say: "The rule *ejusdem generis*, so far as it aids in the construction of this will, forbids the construction contended for by Mrs. Benton. Ordinarily it limits the meaning of general words to things of the same class as those enumerated under them. The testator's careful use of language in the disposition of his household goods and other chattels, probably of much less value than the money, bank share, and notes, is strong evidence that he would not have left his intention as to this portion of his estate [of the value of more than five thousand dollars] to be inferred from such terms as 'every other article of personal property in and about said homestead, or wherever found.' No satisfactory reason appears why he should mention books, minerals, shells, and curiosities, which would pass under the general description used, and omit to mention the bank share, money and notes."

A similar construction was adopted in *Dole* v. *Johnson*, 3 Allen, 364, where the language of the bequest to the testator's wife was, "all my household furniture, wearing apparel, and all the rest and residue of my personal property," and the court accordingly held that the case was one which properly called for the application of the rule *noscitur a sociis*, and thus restricted the words personal property to chattels *ejusdem generis* with those enumerated, and that while the widow was entitled to the household furniture, wearing apparel and other personal property of like kind, she was not entitled to money, stocks, securities or evidences of debt. The court in a later case (*Brown* v. *Cogswell*, 5 Allen, 556), while admitting the correctness of this decision, admitted that the doctrine was carried as far as it could safely extend.

But in a still later case decided in the same court, *Johnson* v. *Goss*, 128 Mass. 433, the language of the bequest was, "all my personal property, my household effects, horse and carriages, my life insurance" in a certain company, three mortgages of real estate, and certain bank stock, and to other persons were given large portions of his productive personal property. It was held by the court that the testator did not intend to use the words "all my personal property" in their ordinary sense,

because he proceeds to give his wife and other legatees large portions of his personal property. Construing the term with the words immediately following,—"my household effects, horse and carriages,"—the court say that his purpose was to describe property *ejusdem generis*, and that he used the adjective "personal" as descriptive of chattels of personal use and convenience, not intending to include stocks, securities, or other productive property.

In the late case of *Bills* v. *Putnam*, 64 N. H. 554, the bequest by a testatrix was to her two daughters of all her "wearing apparel, household furniture, and personal property of every name, nature and description," and the court held, in accordance with the rule we are discussing, that the testatrix understood and used the term "personal property" in its restricted sense. "If the language was intended to embrace everything except real estate," remark the court, "the enumeration of the wearing apparel and household furniture was superfluous."

To the same effect was the case of *Kendall* v. *Almy*, 2 Sum. (C. C.) 278, 293, where a firm made an assignment of "all the goods, wares, merchandise and personal property of every kind; and also all notes, books, accounts and debts of every kind due, it was held that the words "personal property of every kind" in this connection, signified visible, tangible property *ejusdem generis*, as goods, &c., and that an interest in contract would not pass.

A further multiplication of authorities in illustration of the rule is unnecessary. In the same line might be cited *Rawlins* v. *Jennings*, 13 Ves. 39; *Crichton* v. *Symes*, 3 Atk. 61; *Timewell* v. *Perkins*, 2 Atk. 103; *Cook* v. *Oakley*, 1 P. W. 302; *Porter* v. *Tournay*, 3 Ves. 311; *Hotham* v. *Sutton*, 15 Ves. 319; *Allen's appeal*, 32 P. F. Smith (Penn.) 302; *Regina* v. *Cleworth*, 4 B. and S. 928 (116 E. C. L. 930); *Cavendish* v. *Cavendish*, 1 Bro. Ch. Cas. 467; *Hodgson* v. *Jex*, L. R. 2 Ch. Div. 122.

Now, in this case, the testatrix commences the description of the property which it was her intention to dispose of by this clause with the use of the general term "all my housekeeping

articles." The evident desire of the testatrix, as manifested from the language used, was to give her niece everything which pertained to her household equipment, and which would render her home life and domestic duties more comfortable and agreeable. In furtherance of this purpose she adds to the general description of her bequest the specification of what her general description includes, namely all her "household furniture, beds and bedding, kitchen and table furnishings, books and pictures, all my wardrobe and all other articles of personal property in the house at the time of my death, belonging to me." These specific words of enumeration which the testatrix had used, and which precede the closing portion of the bequest, could not have added anything to the scope of her bequest, if she intended this last clause to cover and pass her entire personal property. If by the language "all other articles of personal property" she intended to embrace everything which in the broadest legal signification of the term could be the subject of ownership in personal property, the enumeration of household articles, household furniture, beds and bedding, kitchen and table furnishings, books and pictures and wardrobe, was entirely superfluous. These words, were we to adopt that understanding of her intention, would be meaningless and useless verbiage. If she had intended to give this niece her entire personal property in the house, in terms unrestricted, she might have easily said so without any specific enumeration. She would hardly have applied the term "articles" of personal property to promissory notes. It is more reasonable and consistent to believe that by the expression "articles of personal property in the house" she had in mind that class of property which, in the same sentence, she had been enumerating, movable, tangible property, rather than money or choses in action.

Not, much force can be given to the fact that she spoke of the property as being in the house, so far as these notes are concerned. The authorities hold that choses in action differ from other personal property in that they have no locality, but are considered as strictly following the person of the owner, and not as incident to or parcel of a particular estate, locality, or

pertaining to any particular house.    Thus in *Fleming* v. *Brook*,
1 Sch. and Lefroy's Irish Ch. 318, a bequest of all the testator's
property of whatsoever nature or kind the same may be that
should be found in his house, was held not to pass a bond and
several bankers' accountable receipts for large sums of money,
upon the ground that choses in action have no locality.    The
same was true in *Moore* v. *Moore*, 1 Bro. Ch. Cas. 127, where
it is admitted that a devise by one of "all his goods" would pass
a bond and extend to all personal estate ; but that a limitation
of "all his goods and chattels in Suffolk" would not have passed
a bond which was found in the testator's house in Suffolk, for
the reason already mentioned.    *Penniman* v. *French*, 17 Pick.
404 ; *Saunders* v. *Weston*, 74 Maine, 85, 90 ; *Hertford* v.
*Lowther*, 7 Beav. 1 ; 2 Wm. Ex'rs 1179*, and cases cited.

But basing our conclusion on other grounds, and taking the
entire clause in which this bequest is made, it seems clear that
the testatrix employed the expression "and all other articles of
personal property in the house," not in its broadest, legal
signification, but in the limited sense of *ejusdem generis*.

Moreover, this construction is strongly enforced by the fact
that a pecuniary legacy of nine hundred dollars is given to this
same niece in the very next clause of the will.    This circum-
stance of a pecuniary or specific legacy being given to the same
or other parties has commonly been considered as favoring the
construction adopted in this case.    1 Jar. Wills 751*, *Rawlins*
v. *Jennings*, 13 Ves. 39.    Here the succeeding clause in this
will gives a pecuniary legacy not only to this niece, but also to
the brother and sister of the testatrix.

Our conclusion is, that Mrs. Schoppe does not take the notes
in question, but that they pass to the residuary legatees, it being
admitted that the assets are sufficient to answer all the calls
of the will.

*Decree accordingly.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and WHITEHOUSE,
JJ., concurred.