[Civ. No. 498. First Appellate District.—April 13, 1908.]

In the Matter of the Estate of MARGARET S. KOCH, Deceased. NETTIE TOWNSEND and FANNIE HARPER, Appellants. CATHERINE BILLINGTON and STANLEY BILLINGTON, Respondents.

WILLS—CONSTRUCTION.—A will should be so construed as to carry out the desire and intention of the testator, if it is reasonably possible to do so from the words used, and so as to prevent intestacy if reasonably possible. The will and its entire scheme, the property disposed of, the persons named as devisees or legatees, the words and the context, should be considered together. The technical import of words should not prevail over the obvious intent of the testator, and words should be construed with reference to the surroundings.

ID.—WILL AND CODICIL—DISPOSITION OF MONEY IN WILL—"BELONGINGS" IN CODICIL.—Where the body of the will disposed of the money of the testatrix to various legatees, in specified sums, and bequeaths a specific sum to a last named legatee, provided there should be money enough to pay it after the other legacies and all just debts were paid; and the codicil leaves to the last named and another legatee "all my belongings, furniture and clothes included," the codicil is not to be construed as including any money, but as meaning her furniture, clothes, pictures, jewelry, dishes, and things ordinarily used by her for her personal comfort.

ID.—RESIDUE OF MONEY—DISTRIBUTION TO SOLE HEIRS.—Where it appears that the money of the testatrix was more than sufficient to

pay the debts, expenses of administration, and all legacies, the residue of the money does not pass under the codicil, but was properly distributed to the sole heir of the testatrix.

APPEAL from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Charles K. Harper, and Jordan, Rowe & Brann, for Appellants.

Wilbur G. Zeigler, for Respondents.

COOPER, P. J.—This is an appeal from that portion of the decree of distribution awarding the residue of the estate of deceased, $1,688.80, to Catherine Billington, her sister and sole surviving heir at law. The question to be decided is as to the construction of a codicil to the will. The will is as follows:

"San Francisco, California, February second, 1905.

"I Margaret S. Koch do hereby declare this to be my last will and testament I revoke all other will heretofore made by me I desire all my Just debts to be first paid Then I desire to leave to my sister Mrs. Catherine Billington the sum of one thousand dollars I also leave to Mrs. Faney Harpe one thousand dollars I also leave to Charles K. Harper the sum of Five Hundred dollars also I leave to Emile Sherwood Harper one thousand dollars I also leave to Sister Alice late Matron of the Episcopal Home for Old Ladies San Francisco the sum of five hundred dollars as a little gift for her kindness to me when I stayed at the Home I also leave to my dear friend Mrs. Sothern the sum of five hundred dollars I also leave to Miss N. Townsend the sum of five hundred dollars if there should be money enough after all the above named parties have been paid and my just debts have been paid.

"I hereby appoint my friend Henry P. Harper executor of this my will to serve without bonds.

"(Signed) MARGARET S. KOCH."

The codicil is as follows: "I leave to Mrs. Fanny Harper and Nettie Townsend all my belongings, furniture and clothes included.

"(Signed)        MARGARET S. KOCH.

"January the twentieth nineteen hundred six."

A will should be so construed as to carry out the desire and intention of the testator if it is possible to do so from the words used. It is also the rule in the construction of a will to interpret it, if reasonably possible, so to prevent intestacy. As to what were the intentions of a testator in a given case is often a question difficult of solution. Sometimes its final determination is but an approximation. We must take not only the will but its entire scheme; the property disposed of; the persons named as devisees or legatees; the words used, and the context. The technical import of words should not prevail over the obvious intent of the testator; and words should be construed with reference to the surroundings.

Here the decedent had her little estate all in money or convertible paper. She intended to dispose of it by bequests of certain named amounts to her sister and her friends who were nearest and dearest to her. She began by first naming her only sister and heir at law, Mrs. Billington, to whom she gave $1,000. She next named Mrs. Harper, to whom she gave $1,000, and, after other bequests, finally named Miss Townsend, to whom she gave $500, "if there should be money enough after the above-named parties have been paid and my just debts have been paid."

It is plain that by the original will, without the codicil, the testatrix intended to postpone Miss Townsend to the legatees first named, and to leave her less than $500 if there should not be sufficient money with which to pay the $500 after paying all the just debts and all the prior bequests. It is also beyond controversy that the will without the codicil made no disposition of the residue of the estate after paying the amounts therein named and the debts. If, at the time of distribution, there should be more money than enough to pay all expenses, debts and legacies by the original will, the residue was not disposed of. The household furniture and the clothes of deceased were not disposed of, nor any little items of jewelry, personal belongings, pictures or books. If

the testatrix had died without the codicil having been made, the residue of money, and all furniture and belongings, would have gone to the sister, Mrs. Billington. It therefore seems reasonable that it occurred to the testatrix that she had not made any disposition of her furniture, clothes and little personal articles. She therefore wrote the codicil. What did she mean by "all my belongings, furniture and clothes included"? If, by the word "belongings," testatrix meant money, she evidently intended by the words used to give all her money to Mrs. Harper and Miss Townsend, because she said she left them *all* her belongings. The effect of such construction would be to destroy all the other bequests made in the will, and to give all her property to Mrs. Harper and Miss Townsend. It is evident that she had no such idea in her mind. She knew that she had given Miss Townsend $500 if there should be money enough left to pay her that amount. She knew of the other bequests to the parties named in the will, and, so knowing, she did not revoke any bequest by the codicil. She said nothing about the residue of her estate, because she evidently thought she had disposed of it all, except that upon which she desired the codicil to operate. She desired her will to remain, to take effect with the codicil affixed thereto. We are therefore of the opinion that by the words of the codicil she meant the furniture, clothes, pictures, jewelry and things which she ordinarily used for her personal comfort. Her bed, her chairs, her clothes, her pictures, her dishes, her jewelry, were her belongings in the sense in which she used the term. She evidently had such things in mind; and when she said, "I leave all my belongings," she did not, in our opinion, mean all her money, nor all the residue of her estate. While her money, as belonging to her, was in one sense a belonging, yet it is clear that she did not mean money by the word "belongings" as she used it, for she had in her own mind expressly disposed of that. She evidently meant to dispose of something that in her mind she had left undisposed of. All of the will must, if possible, be given effect. The codicil must be read into it and as a part of it. It must as so read be held not to have any relation to the money belonging to the deceased. She evidently did not have her money in mind as being a "belonging" which she was disposing of by the codicil. If deceased thought that "belongings" meant all her property, she would not have added the

words "furniture and clothes included." Such words would have been entirely superfluous. She used the words with reference to her ornaments, books, pictures and so forth, and added that she intended it to include "furniture and clothes." She desired all these things to go to Mrs. Harper and Miss Townsend. We must give the word "belongings" the sense in which it is clear that the testatrix used it.

In *Le Breton* v. *Cook*, 107 Cal. 416, [40 Pac. 553], in speaking of the word "residue," it is said: "Where, however, it is manifest from the context or from the provisions of the will that the testator used that word in a more restricted sense, it will be given the meaning in which it is clear that the testator used it."

In *Andrews* v. *Schoppe*, 84 Me. 170, [24 Atl. 805], where the will gave certain enumerated household articles, furniture, beds and so forth, and "all other articles of personal property," it was held that the latter words must be used in connection with the words preceding them, and that as so used the words did not include promissory notes found among the effects of deceased.

In *Tallman* v. *Tallman*, 3 Misc. Rep. 465, [23 N. Y. Supp. 734], it was held that in view of other bequests in the will, a bequest of "all my personal property" referred only to household effects.

In *Bills* v. *Putnam*, 64 N. H. 554, [15 Atl. 138], where the bequest was to two daughters of the testatrix of all her "wearing apparel, household furniture and personal property of every name, nature and description," it was held that the words "personal property" were used in their restricted sense, and that they did not include everything except real estate.

The views herein expressed, in our opinion, carry out the intention of the deceased as to all the property she disposed of. Her debts were paid as she desired. The full amount of each legacy has been given as she directed. She made no disposition of the small amount of cash left after all these things have been done. The law gives that to her sister, the only surviving heir.

The decree is affirmed.

Hall, J., and Kerrigan, J., concurred.