In the Matter of the Petition of SAIDEE HARDING to Render and Settle Her Account as Executrix, etc., of IDA KIMBERLY, Late of the County of Kings and State of New York, Deceased.

Surrogate's Court, Kings County, February 5, 1926.

Wills — construction — testator gave cousin " the remainder of my personal belongings, including piano, bric-a-brac, clothing, etc.," and then directed remainder of her " money " to go to charitable corporation — bequest to cousin construed as including household effects — word " money " refers to personal property generally — residue of personal property passed to charitable corporation after payment of legacies and debts.

A will by which the testator in the 3d paragraph gave " the remainder of my personal belongings, including piano, bric-a-brac, clothing, etc.," to her cousin and then, after making several substantial gifts to relatives, directed that " the remainder of my money to go to the Charity Organization Society to be distributed among deserving charities " should be construed as disclosing an intent on the part of the testatrix to bequeath her ornaments, books, pictures, furniture, clothing and personal and household effects to her cousin and the residue of her personal property remaining after the satisfaction of debts and legacies to the Charity Organization Society of the City of New York.  The word " money," as used by the testatrix refers to personal property generally.

PROCEEDING by executrix for accounting involving construction of will.

*Charles O. Grim,* for the executrix.

*De Forest Brothers,* for the Charity Organization Society of the City of New York.

*George P. Nicholson, Corporation Counsel,* for the City of New York.

WINGATE, S.  The will of the testatrix was written in her own handwriting, upon a stationer's blank form, and, except for the formal phraseology of the printed parts, it is her own composition.

In the 1st paragraph of the will there is given to a friend, Lena P. Allen, " my large diamond earrings, and smaller pair with gold rose setting to her daughter, Dorothy," together with a legacy of money.

In the 2d paragraph, to a friend, Miss O. V. Meyer, is given a sum of money and a " plain gold Waltham watch."

The 3d paragraph reads as follows: " To my cousin, Miss Saidee Harding, 117 Hooper St., Brooklyn, the remainder of my personal belongings, including piano, bric-a-brac, clothing, etc."

The succeeding paragraphs contain bequests of mortgages and of substantial sums of money. No mention is made in any of the paragraphs following the 3d of personal or household effects.

Saidee Harding, named in the 3d paragraph, is made a substituted beneficiary of " property in Greenpoint," and mortgages in the event of the death of decedent's uncle, R. H. Harding, before her, and is named as executrix.

The 10th paragraph of the will is as follows: " The remainder of my money to go to the Charity Organization Society to be distributed among deserving charities."

If the words " remainder of my personal belongings," as employed in the 3d paragraph, be given their broadest meaning, to include all property in decedent's ownership (*Matter of Churchfield*, 99 Misc. 682) except that given by the two preceding paragraphs, no property would be available to meet the substantial gifts bestowed in later paragraphs. If they be considered as, perhaps, intended to bequeath the residue of the decedent's property, after the satisfaction of general and specific legacies, collision at once arises with the last disposition in the instrument " The remainder of my money to go to the Charity Organization Society to be distributed among deserving charities."

A careful consideration of the entire will leads to the construction that in the 3d paragraph the decedent's language disclosed an intent by the use of the terms " remainder of my personal belongings, including piano, bric-a-brac, clothing, etc.," to bequeath her ornaments, books, pictures, furniture, clothing, and in general all personal and household effects. (*Matter of Koch*, 8 Cal. App. 90; 96 Pac. 100, 101.)

The testatrix, aside from the use of the word " money," in the paragraph already quoted, used the word in two other places in her will.

In the 7th paragraph she says: " My other cousins being rich, and not in need of money, I prefer to give their portions to charity."

In the 9th she makes direction for her burial and for a gravestone, " for which all expense is to be paid before the distribution of the

remainder of my money," and then follows the paragraph already quoted bequeathing the " remainder of my money " to charity.

Can it be said that in these instances she intended the word to mean only that which passes current as money, including bank deposits? Or is it more reasonable to suppose that the word referred, in each instance of its usage, to personal property generally? If the word is to be given its restricted meaning, the decedent will die intestate as to a large portion of her estate.

The decedent intended substantial bequests to charity. In the 8th paragraph she gave $20,000 to hospitals, and in the 11th expressed a wish that in the event of a prior death of a legatee the share of such legatee should go to a deserving charity.

In the meaning to be derived by a consideration of the entire will, it appears that by the gift of the " remainder of [her] money * * * to the Charity Organization Society," she meant to give to the Charity Organization Society of the city of New York, all the residue of her personal property remaining after the satisfaction of debts and legacies. (*Matter of Blackstone,* 47 Misc. 538, and cases cited. And see cases cited in 2 Davids' New York Law of Wills, § 759.)

The claim of the accounting executrix, in the sum of $595, is allowed.

Let the decree of distribution proceed accordingly.