69 Cal.App.2d 147 (1945)
Estate of CARRIE W. MARIN, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Respondent,
v.
DAVID ROBERT ROBBINS, M. D., Appellant.
Civ. No. 14771. 
California Court of Appeals. Second Dist., Div. Two. 
May 9, 1945.
 Hazard & Reina for Appellant.
 James E. Collins and Harold F. Collins for Respondent.
 WOOD (W. J.), J.
 David Robert Robbins has appealed from an order of the probate court by which he was denied distribution of United States War Bonds of the value of $12,000, and by which the will of Carrie W. Marin was given the interpretation that these bonds became a part of the residue of the estate.
 Carrie W. Marin died on September 4, 1943, leaving her last will dated August 16, 1943. The will had been prepared by James E. Collins, an attorney at law, and was attested by witnesses.
 The twelfth and thirteenth articles of the will provide as follows:
 "Twelfth: I give, devise and bequeath to David Robert Robbins, M. D., whose office is in Room 618, Brockman Building, Los Angeles, the real property, and the residence situated thereon, located at and known by the street number as 2643 Hillcrest Drive, Los Angeles, California."
 "The said real property and the house thereon are, and constitute my residence."
 "Thirteenth: In addition to the above devise and legacy, I also give, devise and bequeath to said Dr. David Robert Robbins all the personal property, household furniture, furnishings, bric-a-brac ornaments and equipment of whatsoever nature or description which may be located in, upon or about said residence or real property at the time of my death. The above devise and bequests are made by me because of my great appreciation of Dr. David Robert Robbins' continued and devoted kindness to me and my husband."
 Before her death decedent had been a patient of appellant, a physician and surgeon, for approximately fifteen years. Decedent's husband, Morris Marin, who predeceased her by six or seven years, had also been a patient of appellant. No children were born of the marriage of decedent and her husband. The residuary legatees and beneficiaries, Hattie Marin and Herman Marin, are the daughter and son, respectively, of decedent's husband by a former marriage. *149
 The court found that at the time of decedent's death there were located in her residence, 2643 Hillcrest Drive, Los Angeles, two war savings bonds of the face value of $5,000 each and two war savings bonds of the face value of $1,000 each. The court also found that decedent during her lifetime had a safe deposit box in the vault of a Los Angeles bank, which she had entered several times shortly before her death; that the bonds had been purchased prior to the execution of decedent's last will; that the approximate value of decedent's estate was $85,758.69 and that the approximate value of the residuary estate was estimated by the executor to be $60,000; that it was the intention of the testatrix that the bonds of the face value of $12,000 which were found in the residence should not pass under the thirteenth article of the will to appellant but that they should become a part of the residue of the estate.
 [1] The probate court placed a reasonable construction upon the terms of the will. It is well established that where the construction given to an instrument by a trial court is reasonable and appears to be consistent with the intention of the party making it, appellate courts will not substitute another interpretation for that of the trial court, even though it may seem equally tenable with that given by the trial court. (Estate of Northcutt, 16 Cal.2d 683, 690 [107 P.2d 607], and cases there cited.)
 [2a] It is important to note that Mr. Collins, the attorney who drew the will, testified that he had prepared another will for decedent on May 5, 1939, which contained a provision similar to that contained in article thirteen of the will now before the court and that when he prepared the 1939 will decedent had given him a will dated January 14, 1937, which had been prepared by another attorney, since deceased; that decedent had told the witness that he should copy into the will he was drafting the provisions of the older will. The will prepared in January, 1937, was presented in court and it shows that appellant was given the Hillcrest Street residence and "all the personal property, household furniture, furnishings, bric-a-brac, ornaments and equipment of whatsoever nature or description which may be located in, upon or about said residence or real property at the time of my death." The witness further testified that when the last will was drawn there was no conversation with decedent about the thirteenth article of the will. The bonds which are the subject of this *150 appeal were purchased long after the execution of the wills of 1937 and 1939. All of the bonds were purchased after January 1, 1942, and before the date of the execution of the will now before the court.
 Appellant relies upon the rule set forth in section 106 of the Probate Code that "technical words in a will are to be taken in their technical sense, unless the context clearly indicates a contrary intention, or unless it satisfactorily appears that the will was drawn solely by the testator, and that he was unacquainted with such technical sense." It is true that the will in question was drawn by an experienced lawyer, but the reason for the rule disappears when it is shown that the lawyer was merely given a prior will from which the thirteenth article was to be copied, and when it is recalled that the bonds involved were not purchased until after the will containing the original provision had been executed. Moreover, the rule loses much of its force when it is not shown that the lawyer who drafted the will was aware of the fact that decedent kept any bonds at her residence. In 2 Page on Wills (3rd ed. 1941) 921, p. 825, the author states: "If the will was drawn by a lawyer and it is not shown that he was acquainted with the facts which were involved, words may be construed in their usual or popular sense. ..."
 [3] The expression "personal property" has a popular meaning different from its technical meaning. "In its ordinary and popular sense, however, it is often times used in a more restricted sense embracing goods and chattels only." (Bills v. Putnam, 64 N. H. 554, 561 [15 A. 138], cited with approval in Estate of Puett, 1 Cal.2d 131, 134 [33 P.2d 825].) [4] It is a fundamental rule in the interpretation of wills that the general intention of the decedent should govern, to be discovered from an examination of all the provisions of the will. The meaning of particular phrases is to be subordinated to the dominant purposes of decedent. (Estate of Puett, supra.) [2b] In view of all the circumstances surrounding the execution of the will now before us we are satisfied that the trial court was justified in ruling that the expression, personal property, was used in its ordinary and popular sense. [5] The conclusion of the court is given added justification by the application of the rule of ejusdem generis. In referring to the use of the expression, personal property, in a will it is stated in 3 Page on Wills (3d ed. 1941) 964, *151 p. 45, "A gift of personal property in general terms together with an enumeration of certain classes of personal property is generally held to be limited to articles of the classes which are enumerated specifically."
 The order is affirmed. Respondent executor to recover costs on appeal.
 Moore, P. J., and McComb, J., concurred.