[Civ. No. 18619.   First Dist., Div. Two.   Nov. 16, 1959.]

Estate of STEVE G. BARBIKAS, Deceased. BESSIE PHILLIPS, Appellant, v. PEARL ECONOMY JACK-SON et al., Respondents.

Nicholas C. Petris, Robert H. Kroninger, Thacher, Jones, Casey & Ball, James F. Thacher and James E. Ratcliff, Jr., for Appellant.

J. W. O'Neill, Tinning & DeLap, Francis A. Watson, Jr., and Reaves & Watson for Respondents.

KAUFMAN, P. J.—This is an appeal from the decree of distribution of the personal property of the estate of Steve E. Barbikas by Bessie Phillips, the niece of the testator and one of the legatees. On appeal, it is argued that the trial court erroneously construed the phrase ''personal property'' in a codicil, to be ambiguous and erroneously admitted extrinsic evidence and made erroneous rulings pertaining thereto; and that the findings and conclusions of the trial court are not supported by the evidence.

On August 16, 1947, the testator, a bachelor, executed a typewritten witnessed will which had been prepared by his attorney. This instrument made a number of specific cash bequests and devises of real property to various relatives, including the devise of a parcel of real estate to the appellant and the bequest of all the residue of the ''cash money,'' share and share alike, to the various relatives (including the appellant). The residuary clause left all of the remainder of the estate in trust, as follows: for 21 years, the income of the trust was to go, one-half to the respondent, Bessie Economy (the testator's sister), and the other half, in equal shares, to the three nieces of the testator, including the appellant. At the end of the 21-year period, the remainder was to go to the respondent, Vytina Society of Greece. On November 1, 1949, the testator executed a holographic codicil as follows:

''This day of first November, 1949.

''the lease June 1, 1946 between Steve G. Barbikas and Pearl I. Matheson a widow

''Store Building containing four (4) stores located on the Southwest corner of 12th St. and McDonald Ave., Richmond, Contra Costa County, Calif., and designated as 267-12 St-269 12 St 1130-1136 McDonald Ave.

''in case of death of Steve E. Barbikas the above lease value and personal property I wish to become sol*l* ownership and property to my niece Bessie T. Barbikas.

''/s/ Steve E. Barbikas''

The codicil was found in the safe used by the decedent at the shoe store on the leased premises, in an envelope containing only the codicil and the leases. The decedent died on December 8, 1951. The witnessed will and the codicil were jointly admitted to probate. At the time of the testator's death, there was substantial personal property in his estate

including cash in bank accounts and various stock certificates and bonds found in a safe on the leased premises.

This proceeding arose by reason of a petition to determine the rights of legatees to personal property, filed by the administrator with the will annexed. At the hearing, the trial court ruled that the meaning of the phrase ''personal property'' in the codicil was ambiguous, and admitted extrinsic evidence. At the conclusion of the hearing, the trial court found:

''. . . That said codicil was not drafted by an attorney but was drafted by said decedent and was entirely written, dated and signed in the handwriting of said decedent and that said decedent had not consulted his attorney in connection with said codicil. That at the time of the execution of said codicil, there were articles of furniture and personal belongings of said decedent upon the leasehold premises described in said codicil and decedent lived on said premises at least part time, both before and after the date of the execution of said codicil.

''That, when said decedent used the words 'and personal property' in said codicil, he intended said phrase to be used, and the same was used, in its popular sense, to mean only the fixtures, furnishings, personal belongings and personal appurtenances in, upon and appurtenant to the said leased premises described in said codicil. That, when said decedent used the words 'and personal property' in said codicil, he did not intend said phrase to be used, and the same was not used, to include cash, stocks, bonds, securities or any other personal property except such fixtures, furnishings, personal belongings and personal appurtenances in, upon and appurtenant to the said leased premises described in said codicil, at the date of the execution of said codicil.''

The court decreed that the appellant was entitled only to the leasehold interests mentioned in the codicil, the income derived therefrom during the administration, and such fixtures, furnishings and personal belongings of the decedent as were on the leased premises at the date of the execution of the codicil, and ordered the remainder of the estate distributed according to the typewritten will.

Appellant's first argument is that the meaning of the phrase ''personal property'' in the codicil is clear and unambiguous, that the court should not have received extrinsic evidence, and that ''personal property'' is a technical term and under section 106 of the Probate Code must be taken to mean ''every kind of property that is not real'' (Civ. Code,

§ 663), and to include "money, goods, chattels, things in action, and evidences of debt." (Civ. Code, § 14.) The applicable part of section 106 provides: ". . . technical words in a will are to be taken in their technical sense, unless the context clearly indicates, a contrary intention, or unless it satisfactorily appears that the will was drawn solely by the testator, and that he was unacquainted with such technical sense."

■ The identical argument was rejected by our Supreme Court in *Estate of Graham*, 49 Cal.2d 333, at 336 [316 P.2d 945] as follows:

". . . The ambiguity in the phrase 'personal property' is apparent from several cases that discuss the different meanings ascribable to it. (See *Estate of Marin*, 69 Cal.App.2d 147, 150 [158 P.2d 412] ; *Estate of Duraind*, 51 Cal.App.2d 206, 211-212 [124 P.2d 330] ; *Estate of Combs*, 136 Cal.App. 286, 291 [28 P.2d 711] ; *Estate of Kruger*, 55 Cal.App.2d 619, 623 [131 P.2d 619] ; *Estate of La Fetra*, 14 Cal.App.2d 599, 602-603 [58 P.2d 678] ; *Estate of Puett*, 1 Cal.2d 131, 134 [33 P.2d 825].) Moreover, the very code section upon which appellant relies contemplates the admission of extrinsic evidence, for only by extrinsic evidence can it be determined whether a testator was acquainted with the technical sense of the words he used, and proof as to who drew the will must depend largely upon extrinsic evidence."

There would, therefore, appear to be no merit in appellant's first argument. Appellant cites *Estate of Ottoveggio*, 62 Cal. App.2d 880 [145 P.2d 700], which has no relevance here.

■ The next question is whether extrinsic evidence supports the finding of the trial court that the testator used the phrase "personal property" in the popular sense to mean personal effects, furniture, furnishings, rather than the technical sense to include stocks and bonds.

Appellant argues that the evidence does not support the trial court's findings, because at the time of the execution of the codicil, there were no articles of furniture and personal belongings of the decedent on the premises. There was conflicting evidence on this point. Appellant's witnesses all testified that the decedent did not live behind the shoe store and left no personal property there. Respondent's witnesses testified that the appellant lived behind the shoe store at the time of the execution of the codicil, and left various kinds of property there after he moved.

The decedent's attorney testified that when he drew up the

typewritten will for the deceased, the deceased understood the meaning of the phrase "real and personal" property as used in the fourteenth paragraph of the will, which merely authorized the trustees to sell, dispose of, mortgage, etc., all or part of the property in the residuary trust. There was, however, no evidence that the decedent knew the technical meaning of "personal property" and used the words in that sense when he prepared the holographic codicil, two years after the execution of the typewritten will prepared by his attorney. There is uncontroverted evidence that the codicil was prepared without the help of an attorney. In fact, the decedent's attorney testified that he did not know of the codicil until it was handed to him by the appellant some time after the decedent's death.

There was no evidence as to who owned the fixtures in the three stores on the property beside the shoe store. As the court below pointed out, the presence of other personal property on the leased premises was only a factor to be considered. Thus, there is ample evidence to sustain the findings of the trial court.

 Appellant also claims that the court erred in its rulings on the evidence. There is no merit in this contention. Rather, the trial court correctly construed the codicil and the will together as one instrument in such a way as to give every expression some effect. (Prob. Code, §§ 101, 102, 103, 104; *Estate of Moorehouse,* 64 Cal.App.2d 210 [148 P.2d 385]; *Estate of Sargavak,* 41 Cal.2d 314 [259 P.2d 897].)

We conclude that the decree finds ample support in the record before us.

Decree affirmed.

Dooling, J., and Draper, J., concurred.

A petition for a rehearing was denied December 16, 1959, and appellant's petition for a hearing by the Supreme Court was denied January 13, 1960.