[Civ. No. 54527. Second Dist., Div. Two. Mar. 13, 1979.]

Estate of GERTRUDE ELKELES, Deceased.
JILANDRA S. BURNETT, as Successor Administratrix With the Will
Annexed, etc., Petitioner and Appellant, v.
EVELLE J. YOUNGER, as Attorney General, etc., et al.,
Claimants and Appellants.

**COUNSEL**

Goldman & Petrulis and Kenneth G. Petrulis for Petitioner and Appellant.

Evelle J. Younger, Attorney General, Warren J. Abbott, Assistant Attorney General, James M. Cordi, Deputy Attorney General, Loeb & Loeb, John S. Warren and Andrew S. Garb for Claimants and Appellants.

## OPINION

**FLEMING, J.**—Appeals from a judgment determining distribution of the estate of Gertrude Elkeles, deceased. The issue is whether decedent intended to include certain choses in action (checking account, savings account, savings bond, and 10 savings certificates) in a bequest of "my personal property and effects located at my residence." The papers evidencing decedent's ownership of these choses-in-action were found in her apartment after her death.

Gertrude Elkeles died on 27 January 1977, leaving an estate valued at $46,700.56. The bulk of the estate ($38,479.30) consisted of the choses in action. Other assets included corporate stock and mutual fund shares (total value $7,471.26) found in a bank safe deposit box, and miscellaneous personal effects (total value $750) located in decedent's residence.

By her will dated 13 September 1968, Elkeles, who was never married, provided for distribution of her estate as follows: First, several small cash bequests in amounts of $150 and $350 were made to various relatives, including a $350 bequest to Bette Singerman, a niece. Second, Bette Singerman was to receive "my personal property and effects located at my residence, including my jewelry, and specifically by way of example and not limitation, my ring containing the diamond and topaz stone." Finally, the residue of the estate was left to Cedars of Lebanon Hospital (Cedars-Sinai) for the purchase of medical equipment as a memorial to decedent's parents. On 4 April 1972, Elkeles executed a holographic codicil in which she designated $3,000 to Cedars-Sinai for "the medical education of deserving young people."

On 27 June 1977, Bette Singerman, as administratrix of the estate, filed a petition for determination of entitlement to distribution (Prob. Code, § 1080). Statements of interest in response to the petition were filed by Cedars-Sinai as residuary legatee and by the Attorney General as representative of the indefinite and unascertainable beneficiaries of the charitable bequest. The trial court found that " 'personal property and effects located at my residence' includes the decedent's savings and checking accounts found in her residence after her death, but does not include the contents of her safe deposit box or any other property not found in her residence."

On appeal, Cedars-Sinai and the Attorney General argue that the trial court's construction of the will was erroneous and would defeat dece-

dent's overall intent. Jilandra Burnett, successor administratrix to Bette Singerman, now deceased, asserts by way of "cross-appeal" that the trial court was correct in construing "my personal property" in its technical sense (Prob. Code, § 106) to include the funds from decedent's accounts (Civ. Code, §§ 14, 663). The parties agree that if the trial court's construction of the will is upheld, there will be no funds remaining for the residuary legatee once the pecuniary bequests and expenses of administration have been paid.

■ As a reviewing court it is our duty to independently construe the will when, as here, extrinsic evidence is not a factor. (*Estate of Dodge* (1971) 6 Cal.3d 311, 318 [98 Cal.Rptr. 801, 491 P.2d 385]; *Estate of Huntington* (1976) 58 Cal.App.3d 197, 204-205 [129 Cal.Rptr. 787].) ■ The paramount rule in the construction of wills is that the instrument is to be construed according to the intention of the decedent as expressed in the will taken as a whole. (Prob. Code, § 101; *Dodge, supra*, pp. 324-325.)

■ At bench, we agree with the residuary legatee that decedent did not intend to include the 13 choses-in-action in the bequest of her personal property to Bette Singerman. Our reading of the will and our survey of the estate's assets convinces us that decedent used the term "personal property" in its popular sense to include only items and effects of a personal nature, such as her jewelry and furniture, and did not use it in a comprehensive sense to include choses-in-action. (See *Estate of Graham* (1957) 49 Cal.2d 333, 337 [316 P.2d 945].) We reach this conclusion for the following reasons: (1) had decedent intended to include the funds which represented the bulk of her estate in the bequest of her personal property, she would have had no need to independently bequeath $350 to the same legatee; (2) the language ". . . personal property and effects . . . including my jewelry, and specifically by way of example and not limitation, my ring . . . ," strongly suggests that decedent intended to limit this bequest to her personal effects (see *Estate of Marin* (1945) 69 Cal.App.2d 147 [158 P.2d 412]); (3) such a construction will fulfill decedent's objective of giving sufficient funds to Cedars-Sinai to constitute an appropriate memorial to her parents; and (4) given the fact that decedent executed a will detailing her dispositive plan, we do not believe she intended the distribution of the bulk of her property to be left to the exigency of the location of the paper evidence of her ownership of intangible assets at the time of her death. In construing wills generally, it would make little sense to deduce a testator's intent in respect to disposition of valuable intangible property from such a minor fortuitous

factor as the location of evidentiary certificates, which could periodically shift to and from his residence, his safe deposit box, his creditors, and his lawyer's offices. We conclude that Cedars-Sinai, the residuary legatee, is entitled to the funds from decedent's checking account, savings account, savings bond, and 10 savings certificates.

The judgment is reversed. Costs to claimants and appellants Younger and Cedars-Sinai Medical Center.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied April 11, 1979, and the application of the petitioner and appellant for a hearing by the Supreme Court was denied May 10, 1979.